THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER DIAZ, Appellant.— Appeal (1) from a judgment of conviction rendered by the County Court, Kings County, imposing sentence on appellant after he had been found guilty by a jury of violating section 1751 of the Penal Law (sale of a narcotic drug) and section 1751-a of the Penal Law (violation of Public Health Law other than as specified in § 1751 of the Penal Law), and (2) from each and every intermediate order therein made. Judgment reversed upon the law and a new trial ordered. The findings of fact have not been considered. The implied finding of the jury that appellant was the person who committed the acts in question could have been based solely upon the testimony of the police officer who admittedly saw the perpetrator at the time in question for only a few seconds and under lighting conditions which were not good. Under the circumstances, the trial court should have instructed the jury to be cautious before accepting such evidence as to identification, particularly in view of the pointed instructions that the court gave as to the caution that the jury should apply in weighing the testimony of appellant and his witnesses with respect to the defense of alibi (*People* v. *Johnson,* 6 A D 2d 181; *People* v. *Brown,* 5 A D 2d 819). We are also of the opinion that the trial court's instruction in effect that the burden of proof on the defense of alibi was on appellant further contributed to the denial of a fair trial to appellant, even though the court at other points in its charge to the jury did correctly state that the burden of proof on this aspect of the case was on the prosecution. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER WEST, Appellant.— Appeal from a judgment of conviction rendered by the Court of Special Sessions of the City of New York, Borough of Brooklyn, imposing sentence on appellant after the court had found him guilty of (1) endangering the morals of a minor, (2) possession with intent to show obscene and indecent articles, and (3) selling and giving away alcoholic beverages to a child actually or apparently under the age of 18 years. Judgment unanimiusly affirmed. No opinion. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.