■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY LEWIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 7, 1975 (the date on the clerk's extract is March 18, 1975), convicting him of possession of weapons, etc., as a felony, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts have not been considered. Defend-

ant was charged with criminal possession of a weapon, etc., as a felony, which weapon was allegedly taken from him when he was stopped by the police after a conversation which the police had with one Mrs. Brown. Over defendant's objection, and upon a concession by defense counsel that a conversation had taken place, the two police officers were permitted to relate Mrs. Brown's statements to them. She said that she had been robbed by two black males; while driving with the officers, she identified defendant and another as the men who had robbed her. Defendant was not on trial for the robbery; Mrs. Brown herself did not testify. Admission of this third-party conversation, accusing defendant of an uncharged crime, was error. Where the evidence of uncharged crimes is not necessary to prove an unambiguous crime, or to explain intent, motive, and the like (see *People v Molineux,* 168 NY 264), it is error to admit evidence of the uncharged crimes (see *People v Fiore,* 34 NY2d 81; *People v La Fontaine,* 39 AD2d 734). At bar, the credibility of the defendant was posed against that of the police officers. In such circumstances, the nonprobative evidence admitted could not but disadvantage the defendant. Hopkins, Acting P. J., Martuscello, Rabin, Shapiro and Titone, JJ., concur.