■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM

CUVILJE, Appellant.—Judgment, Supreme Court, Bronx County, rendered September 23, 1976, convicting defendant of attempted murder of a police officer in the course of performing his official duties, burglary in the first degree, and grand larceny in the third degree and sentencing him to an indeterminate term of 25 years to life on his conviction for attempted murder, and lesser concurrent sentences on the other charges, unanimously reversed, on the law, and the case remanded for a new trial. On June 21, 1974, the occupant of a private house became aware of the presence of an intruder. She made several phone calls for assistance, one of them to her brother-in-law, Police Officer Barratini, who resided several blocks from the house. Barratini quickly responded and observed a man half way inside a rear bedroom window to whom he identified himself as a police officer. In the ensuing confrontation, Barratini was shot in the chest and the intruder escaped. Several months later the defendant, incident to an arrest on a California warrant for illegal acquisition of firearms, was found in possession of a number of weapons. One was a .38 caliber revolver that had disappeared from the house on the evening of June 21, 1974. Another was a .25 caliber automatic which was linked by ballistics testimony with a clip found along the escape route. Barratini identified the defendant as the man who had shot him. An alibi defense was presented on behalf of the defendant. In addition, defense counsel both in cross-examination and summation challenged not only the reliability of the Barratini identification but also attempted to raise questions as to the basic truthfulness of the version of the event presented by the prosecution witnesses. Under subdivision 1 of section 110.05 of the Penal Law, then in effect, attempted murder was elevated into a class A felony if the victim was a police officer engaged in performance of his official duties. As to this element of the crime, the trial court charged as a matter of law that Officer Barratini at the time of the event was "a police officer engaged in performance of his official duties." The charge was clearly error mandating reversal of the attempted murder conviction since it removed from the jury a factual issue as to an element of the crime that had not been conceded by the defense and had not been treated during the trial as an established fact. (See *People v Walker*, 198 NY 329, 335.) In addition, the court's charge with regard to the alibi defense failed to convey with sufficient clarity the District Attorney's burden of proof with regard to that issue. (Cf. Penal Law, § 25.00, subd 1.) Statements accurately describing the appropriate rule of law were accompanied by others that conveyed the erroneous thought that the defense had some kind of burden with regard to that issue. We note also that in the course of the alibi charge the court commented: "Like all evidence * * * evidence with regard to an alibi should be most carefully scrutinized." Although the thought itself is unobjectionable, we doubt that it was appropriate to introduce the concept of "most careful scrutiny" for the first and only time in the charge with regard to the alibi defense. (See *People v Annis*, 48 AD2d 622; *People v Diaz*, 8 AD2d 732.) For the foregoing reasons, the conviction of the defendant on all counts is reversed and the case is remanded for a new trial. Concur—Birns, Fein, Lane and Sandler, JJ.

Kupferman, J. P., concurs in the result only.