■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY SMITH, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 8, 1978, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No issue has been presented with respect to the facts. As the People concede, the trial court committed reversible error when it failed to charge, as requested, that no inference unfavorable to defendant could be drawn from his decision not to take the stand. (See CPL 300.10, subd 2; *People v Britt,* 43 NY2d 111.) Lazer, J. P., Cohalan, Martuscello and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVAN ZELDES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 26, 1979, convicting him of criminal possession of a forged instrument in the second degree, forgery in the second degree, criminal possession of stolen property in the first degree, criminal possession of stolen property in the second degree (two counts), and unauthorized use of a vehicle, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. As the People commendably concede, the numerous errors contained in the court's charge to the jury served to deprive the defendant of a fair trial. Additionally, we note that the trial court improperly admitted into evidence some 10 allegedly stolen credit cards found in the car in which defendant was riding as well as testimony concerning their ownership. Those cards were not the subject of any of the counts contained in the indictment and the probative value of this evidence was outweighed by its potential for confusion and prejudice. Under the posture of the evidence at this trial, the trial court also erred in failing to submit to the jury the question whether the witness Ogbotiti was an accomplice, and in failing to provide the jury with instructions concerning corroboration of an accomplice's testimony, pursuant to CPL 60.22, had it been determined that he was an accomplice. Lazer, J. P., Mangano, Gibbons and Cohalan, JJ., concur.

■

## (NOVEMBER 10, 1980)

■ PETER APREA et al., Respondents, v THOMAS F. FALLON, as Supervisor of the Town of Babylon, et al., Appellants. — Judgment of the Supreme Court, Suffolk County, entered April 10, 1980, affirmed, with costs. (See *Stevens v Town of Huntington,* 20 NY2d 352.) Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.