■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY SAUNDERS and DONALD LINTON, Appellants. — Appeals (1) by defendant Saunders from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered July 8, 1981, convicting him of attempted sodomy in the first degree (two counts), sexual abuse in the first degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence, and (2) by defendant Linton from a judgment of the same court, also rendered July 8, 1981, convicting him of attempted rape in the first degree, attempted sodomy in the first degree, sexual abuse in the first degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgments reversed, on the law, the charge of attempted rape in the first degree as a lesser included offense under count No. 27 of indictment No. 1105/80 against defendant Linton is dismissed without prejudice to the People to re-present any appropriate charge to another Grand Jury (see *People v Beslanovics,* 57 NY2d 726), and a new trial is ordered with respect to the remaining counts of the consolidated indictment. Defendants were charged with various crimes arising from an incident during which they and two other men allegedly attempted to rape, sodomize and sexually abuse three women complainants. The evidence at trial consisted primarily of the testimony of the three complainants. Defendants themselves did not testify and one witness was presented on behalf of defendant Linton. At the conclusion of the trial, and over the objections of both counsel for defendants, as well as the prosecutor, the trial court refused a request to marshal the evidence, and instead asked the parties to submit to it their contentions and theories of the case, which would be part of the charge to the jury. During the charge, the court essentially defined each crime for the jury, summarized the testimony of the witnesses only insofar as it supported the necessary elements of the crime, explained that the prosecutor believed the testimony proved each crime beyond a reasonable doubt, and then stated that defendants contended that the testimony "was not the stuff of which proof beyond a reasonable doubt is made", whether because of questions of credibility or the lack of corroborative evidence, without setting forth any contradictory or inconsistent testimony as noted by defense counsel in their summations. The following is a representative sample of the charge: "That brings us then to the charge of Attempted

Rape in the 1st Degree as to the Defendant Linton relative to the Complainant DeC * * * Attempted Rape in the 1st Degree * * * may be broken down into three elements, each of which the prosecution must prove beyond a reasonable doubt. First requires proof once more that the Defendant Linton attempted to engage in sexual intercourse with the Complainant DeC * * * a female, and second, that he did so without her consent and third that * * * the absence of the consent resulted from forcible compulsion. The same definition of sexual intercourse attempted, forcible compulsion, apply here as to those you have heard previously relative to the crime of Rape in the 1st Degree. And the prosecution's position is that her testimony was reliable and *that she testified that it was the Defendant Linton who in the bathroom attempted to have sexual intercourse with her without her consent* and in the overall circumstances according to the prosecution's argument, by the use of forcible compulsion and that because she moved and avoided his effort, the attempt to have sexual intercourse with her against her will was unsuccessful * * * The Defendant Linton's position is purely and simply once more that the testimony of * * * the Complainant DeC * * * in conjunction with all of the other evidence in the case is just plain insufficient to establish guilt beyond a reasonable doubt, is not sufficiently reliable, not sufficiently trustworthy to be the stuff of which a finding of guilty beyond a reasonable doubt is constituted" (emphasis supplied). We conclude that this type of charge constitutes reversible error. "Although the trial court marshalled the People's evidence, it did not adequately marshal the evidence in support of the defense contentions" (*People v Miles,* 48 AD2d 706, 707). Moreover, the constant reiteration of the phrase, defendants contend that "the testimony * * * was not the stuff of which proof beyond a reasonable doubt is made", or some similar phrase, following the court's summary of only so much of the witnesses' testimony as favored the prosecution, created confusion as to the meaning of the proper standard of proof. No defendant is required to present any proof, theories or contentions of any kind. Instead the burden of proof is wholly upon the prosecution to prove the defendant guilty beyond a reasonable doubt. The court's mention, throughout the "contentions" part of the charge, that the prosecution had the burden of proving beyond a reasonable doubt the elements of the crimes charged, was not enough to dispel the erroneous impression given by the court, to wit, that defendants had some duty to present evidence to contradict the People's case. The charge given was particularly harmful herein since neither defendant testified on his own behalf. Accordingly, a new trial is ordered, except as to the charge of attempted rape in the first degree as a lesser included offense under count No. 27 of indictment No. 1105/80 against defendant Linton, which count is dismissed without prejudice to the People to re-present any appropriate charge to another Grand Jury (see *People v Beslanovics,* 57 NY2d 726). We have considered defendants' other contentions and find them to be without merit. Damiani, J. P., Gibbons and Rubin, JJ., concur.

Mangano, J., dissents and votes to affirm the judgments of conviction, with the following memorandum, in which Gulotta, J., concurs. The majority is of the view that the defendants' convictions should be reversed due to error in the court's charge. Specifically, the court charged, *inter alia,* as follows: "The defense urges as to each defendant, urges that after all is said and done the testimony of Mary B * * * is simply not the stuff of which proof beyond a reasonable doubt, a finding of guilty beyond a reasonable doubt is made. That she fails after all is said and done, the tests of credibility previously referred to across the board and including, but not limited to the test of corroboration, and that the fact that no evidence was received, offered tending to show the discovery of semen, spermatozoa in the clothes of her or anyone else * * * The defense once more as to each defendant urges that the testimony of Barbara L

* * * is not credible, not credible enough to add up to proof beyond a reasonable doubt * * * The defense contentions are identical relative to each complainant here so that is to say that their testimony coupled with the lack of corroboration relative to medical examination is such to authorize neither a finding of guilt beyond a reasonable doubt of Rape in the 1st Degree and equally so of Sexual Abuse in the 1st Degree * * * As to each of these complainants, the defendants once more urge the same position subsequently as that urged relative to the prior charges, and that is that the testimony of the witnesses, the complainant in particular was not the stuff of which proof beyond a reasonable doubt is made and that their testimony was fatally flawed when the tests of credibility are applied * * * The Defendant Linton's position is purely and simply once more that the testimony of * * * the Complainant DeC * * * in conjunction with all of the other evidence in the case is just plain insufficient to establish guilt beyond a reasonable doubt, is not sufficiently reliable, not sufficiently trustworthy to be the stuff of which a finding of guilty beyond a reasonable doubt is constituted". Without citing any precedents which are even remotely analogous to the facts at bar, the defendants argue that the court's charge (1) denigrated the defense while highlighting the prosecutor's case, (2) unnecessarily directed attention to defendants' failure to testify, (3) failed to marshal the evidence in an even-handed manner, and (4) served to confuse the jury with respect to the proper rule in a criminal case, viz., that the burden of proof remains upon the prosecution at all times to prove a defendant's guilt beyond a reasonable doubt. I respectfully disagree. Initially, the charge cannot be viewed in isolated part, but must be read as a whole. An examination of the instant charge reveals numerous references by the court to the principle that the People had the burden of proving defendants' guilt beyond a reasonable doubt. Specifically, the court charged as follows: "Now, another principle which is applicable in the course of this trial relates to the proposition that neither defendant testified during the course of the trial. As I think, well, as I clearly remember, you were informed during the jury selection that fact may not be the subject of any adverse inference relative to either defendant. It may not be treated as evidence of guilt. When that occurs, when a defendant does not testify during the course of the trial, it is the duty of a jury to simply ignore that proposition and focus instead upon the evidence which has been received and made its determination from that evidence whether or not the prosecution has succeeded in proving guilt beyond a reasonable doubt or not * * * Now, the fact that these charges have been made does not constitute evidence that they are true. Each defendant has pleaded not guilty to all of the charges, and therefore by law the prosecution has the burden of proving each defendant guilty beyond a reasonable doubt of each element of the crimes charged, and insofar as the prosecution has that burden, there are certain safeguards which have been built into our law so that when a guilty verdict is returned by a jury relative to the serious crimes, our society can rest assured that such a verdict is properly returned, and that a miscarriage of justice has not been perpetrated in the name of our society. Included in those safeguards, as I have called them, is the presumption of innocence. The presumption of innocence is a substantial part of our law. It is a mantle that is placed around each defendant's shoulders. It envelopes the defendant throughout his trial, continues through the summations of the attorneys, indeed it continues even now as I give you these instructions. It stays with each defendant unless and until the jury, during the course of your deliberations unanimously agree that you're satisfied that guilt has been established beyond a reasonable doubt after reviewing and considering all of the evidence. The presumption of innocence is neither disturbed or [sic] overcome by mere suspicion, conjecture or even the probability that a defendant committed a

crime. Another of the safeguards to which I have made reference relates to the burden of proof. The burden of proving guilt beyond a reasonable doubt rests at all times upon the prosecution. The burden never shifts. No defendant, I repeat, is ever obliged under our laws to prove his innocence. The right is a fundamental one firmly established in our law. Thus, once more before you are authorized to find either defendant guilty, you must be convinced beyond a reasonable doubt the prosecution has established each and every element, each and every confident [*sic*, component?] part of the crimes charged against him and it must be proven to your satisfaction by reliable, trustworthy, credible evidence". Moreover, the portions of the charge objected to by the defendants merely restated the arguments of their respective counsel during summations. Counsel for defendants Linton and Saunders argued, respectively, *inter alia,* as follows: "[The prosecutor] is asking you to make a determination that there is no reasonable doubt [or] should not be any reasonable doubt in your minds as to the guilt of Mr. Linton. Their own doctor can't make that determination. Their own medical records make no such determination and you're supposed to. That's their case. That's the case that he is asking you to convict Mr. Linton on. I suggest to you, ladies and gentlemen, if you look inside here, if you look at the medical records, you will see the case has not been proven beyond a reasonable doubt by any stretch of the imagination. There are many cruxes that I haven't gone into because Mr. Paul [attorney for defendant Linton] mentioned them. There is a lack of evidence on many things, and many issues and there is just no solution anywhere how are you going to convict someone for this charge when you find everybody so soon and you can't find sperm on the women, you can't find it on their clothes, you can't find it on the men. What more can I say. I ask you to acquit my client because the District Attorney just hasn't proven his case. Just hasn't proven it beyond a reasonable doubt. Thank you". Finally, note should be taken of the Court of Appeals holding in *People v Salemi* (309 NY 208). In *Salemi,* the defendant was convicted of first degree murder arising out of the fatal shooting of one Walter Forlenza on February 26, 1952 at 8:40 P.M. in a bar in New York City. Defendant was identified by two eyewitnesses who knew him. Defendant did not take the stand and relied on alibi witnesses who placed him near a restaurant in Queens. In its charge to the jury, the trial court in *Salemi* stated, *inter alia,* that (p 214): " 'It is the defendant's contention that on the night of the shooting he was not in the Belvedere Bar and Grill. It is claimed that he was in a restaurant in Queens County' ". Since an alibi defense is not an affirmative defense, and a defendant has no burden of proof with respect thereto (see *People v Russell,* 266 NY 147, 152; *People v Rabinowitz,* 290 NY 386, 388; *People v Johnson,* 37 AD2d 733; *People v Cuvilje,* 66 AD2d 761; Penal Law, § 25.00), it is readily apparent that the afore-noted language from the charge in *Salemi (supra)* was susceptible to the same criticism as has been leveled against the charge at bar. Nevertheless, the Court of Appeals upheld the charge in *Salemi* (p 214), stating in pertinent part: "The defendant, we must remember, relied on his plea of 'not guilty' and his alibi witnesses. Under the proof the court said about all that could be said, for — as we know and as they had been instructed — the statute says: 'The jury * * * are the exclusive judges of all questions of fact' * * * What more was necessary to be said? The jury had heard all of the witnesses. We may assume that they had paid attention to the witnesses as they testified and were intelligent enough to remember the various incidental and collateral details without repetition by the court". I, therefore, dissent and vote to affirm the judgment of conviction.