■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDY LITTLE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered November 5, 1980, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. During the early morning hours of January 6, 1980, Police Officer Joseph Brooks and his partner, Sergeant Steven King, were stopped while on radio motor patrol in the vicinity of 2318 Atlantic Avenue in Brooklyn and informed by a man named Jerome Franklin

that he had just been threatened by a man with a gun. The complainant thereupon pointed to a running man whom he identified as his attacker, at which point he was ordered into the patrol car by Officer Brooks. After giving chase in their vehicle for a distance of a few blocks, the man (later identified as the defendant) ran into the Hamilton Housing Project, whereupon Sergeant King exited the patrol car and began to follow the defendant on foot. Officer Brooks continued to drive around in the area, and when he observed the defendant enter 40 Glenmore Avenue, he exited his vehicle and pursued the defendant into the building and up the staircase leading to the second floor. During the course of this chase, and at a distance of only five or six feet, the officer clearly observed a black revolver in the defendant's hand. Upon reaching the second floor landing, the defendant exited the stairwell and entered the hallway, where he was observed by Officer Brooks placing the revolver into an incinerator shaft. A loaded revolver was recovered from the bottom of that shaft moments later by Sergeant King. According to the complainant, the defendant's threat arose out of a conversation which complainant had had with the defendant's wife while he was working as a disc jockey at the Phase Three Lounge earlier that evening. After being warned against doing so, the complainant had persisted in talking to the woman, whereupon he was asked by the defendant to step outside. Upon exiting the premises located at 2318 Atlantic Avenue, the defendant grabbed the complainant by the collar and said "I told you that's my wife. I'll blow your * * * head off". At this point, the defendant thrust his hand into his jacket pocket and pressed a hard object against the complainant which the latter thought to be a gun. The defendant then walked away. The complainant followed him, and when he encountered the two officers, he stopped them and informed them about the threat. The defendant did not testify at the trial, nor did he offer any witnesses in his own behalf. We affirm. Although it may be said, in retrospect, that it would have been preferable for the trial court, while marshaling the evidence, to have made some reference to the apparent inconsistencies in the testimony of the prosecution's witnesses adduced during cross-examination (see *People v Williamson,* 40 NY2d 1073; see, also, *People v Bell,* 38 NY2d 116), the critical issue on this appeal is whether the deficiency, if any, was such as to have deprived this defendant of his right to a fair trial (see *People v Culhane,* 45 NY2d 757, cert den 439 US 1047). In our view, no such conclusion can be reached on the present record, as the trial was of relatively short duration, the question of guilt or innocence turned solely upon the credibility of the People's witnesses, and the defendant's position was made abundantly clear to the jury, *inter alia,* through the informed efforts of competent counsel to persuade them that the People's witnesses were mistaken in attempting to link the defendant to the handgun which was allegedly recovered from the incinerator at 40 Glenmore Avenue. Under such circumstances, the defendant could not have been prejudiced by the court's omission, and the error, if any, must be regarded as harmless. Turning our attention to the defendant's alternate contention, we cannot ascribe to the view of the dissenters that the complainant's testimony regarding the events which occurred at the Phase Three Lounge constituted proof of an uncharged crime. To begin with, no objection was raised during trial to the admission of this testimony and the issue has not, therefore, been preserved for our review (CPL 470.05, subd 2). In addition, the indictment herein did not purport to charge the defendant with the possession of a weapon at any specific location in Kings County, and the theory of the prosecution appears to have been that of one continuous act of possession, beginning at the Phase Three Lounge and terminating at 40 Glenmore Avenue, where the pistol was ultimately recovered. Thus, the testimony in question was proof of the very crime charged in the indictment. Finally, and contrary to the position

adopted by the dissenters, it is our belief that the testimony under review was material and relevant to establishing the prosecution's case in that it formed a necessary part of the narrative of events leading up to the arrest and served to counter the defendant's attempts on cross-examination to impugn the testimony of the arresting officer regarding his observation of a gun in the defendant's possession. Accordingly, even if the testimony in question can be said to have constituted proof of an uncharged crime, the probative worth of that testimony outweighed its potential prejudice to the defendant, thereby rendering its admission proper (see *People v Allweiss*, 48 NY2d 40). Gulotta, Weinstein and Niehoff, JJ., concur.

Titone, J. P., and Bracken, J., dissent and vote to reverse the judgment and order a new trial, with the following memorandum: Both this court and the Court of Appeals have made it abundantly clear that when a Trial Judge undertakes to marshal the evidence he or she must do so in a fair and even-handed manner (*People v Williamson*, 40 NY2d 1073; *People v Budd*, 38 NY2d 988; *People v Bell*, 38 NY2d 116; *People v Saunders*, 97 AD2d 519; *People v Melville*, 90 AD2d 488; *People v Moran*, 84 AD2d 753; *People v Brabham*, 77 AD2d 626; *People v Chambers*, 73 AD2d 976; *People v Miles*, 48 AD2d 706). In our view, the charge in this case violated this precept and was unduly prejudicial to the defendant. More specifically, the court summarized the whole of the People's case, explaining the elements of the crime, while failing to mention the defendant's contentions at all, other than by making reference to the fact that by pleading innocent, the defendant put in issue each and every allegation of the indictment. The majority, while agreeing that it would have been "preferable" to have made "some reference" to the "apparent inconsistencies" in the testimony of the prosecution witnesses, nonetheless finds no reversible error. Our colleagues take the position that because the trial was of relatively short duration the deficiencies may be excused. We cannot agree. Irrespective of the length of the trial, a charge which is as unbalanced as the one given here simply "cannot be countenanced" (*People v Bell, supra*, p 120). "Since the presence of the Judge is likely to be equated with the majesty of the law itself * * * 'care must be taken to guard against "the possibility that the stated opinion of the trial court or even the suggestion of an opinion might be seized upon by the jury and eventually prove decisive" ' " (*People v De Jesus*, 42 NY2d 519, 524, quoting from *People v Bell, supra*, p 120). Defendant clearly suffered prejudice (cf. *People v Culhane*, 45 NY2d 757, 758, cert den 439 US 1047, where "there was no such inadequacy of explanation or other error of commission or omission"). In addition, it should be noted that the complainant's testimony concerning the events which occurred at the Phase Three Lounge was not relevant. The admission of that testimony was particularly prejudicial inasmuch as it portrayed defendant as an aggressive man who would resort to the use of a weapon at the slightest provocation (*People v Zackowitz*, 254 NY 192; *People v Gallina*, 95 AD2d 336, 343-344; *People v Blanchard*, 83 AD2d 905, app dsmd 56 NY2d 648; *People v Lewis*, 52 AD2d 929). Although no objection was made to the admission of that testimony, we may review such errors in the interest of justice (*People v Zeldes*, 78 AD2d 865). Such review is appropriate here because of the trial court's failure to give any limiting instruction concerning such testimony (see *People v Brown*, 78 AD2d 903).