■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT GRAY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered May 13, 1985, convicting him of robbery in the first degree, burglary in the first degree, burglary in the second degree (two counts), grand larceny in the third degree (two counts) and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court prejudiced the defense by marshaling the evidence in an unbalanced manner.

This claim is unpreserved for appellate review. In any event, the circumstances of this case do not warrant a reversal in the interest of justice. The court's failure to refer to the defendant's contentions did not deprive the defendant of a fair trial *(People v Culhane,* 45 NY2d 757, *cert denied* 439 US 1047; *People v McCright,* 107 AD2d 766; *People v Herbert,* 100 AD2d 883).* The trial was of brief duration. The issues presented to the jury were relatively simple, as were the facts. Moreover, the defense counsel thoroughly reviewed the evidence and explained the defense in his summation. The court's charge on identification was adequate to alert the jury to the various factors, including the complaining witness's eyesight, which it was to consider. Finally, on several occasions during the charge the court told the jury that it had no opinion whatever on the evidence.

The defendant contends that the court improperly denied his request to submit the crime of robbery in the third degree as a lesser included offense of robbery in the first degree. We disagree. On this record there is no reasonable view of the evidence that would support a finding that defendant committed the lesser offense but not the greater *(see, People v Baskerville,* 60 NY2d 374; *People v Bynum,* 125 AD2d 207).

We have reviewed the defendant's remaining claims and find them to be without merit. Thompson, J. P., Bracken, Brown and Sullivan, JJ., concur.