■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD HOLTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Bambrick, J.), rendered February 3, 1988, convicting him of criminal sale

of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Pursuant to a police street narcotics enforcement operation, an officer observed the defendant, along with two accomplices, engaged in a scheme to sell illegal drugs on Northern Boulevard to passersby. At approximately 4:18 that afternoon, the defendant sold crack cocaine to, among others, Patricia Black, who was later arrested. In a search incident to Black's arrest, the police recovered crack concealed in a cellophane wrapper.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The court's failure while marshaling the evidence to refer to the testimony brought out on cross-examination by defense counsel did not deprive the defendant of a fair trial (see, People v Culhane, 45 NY2d 757, 758; see also, People v Gray, 144 AD2d 483, 484; People v McCright, 107 AD2d 766, 767; People v Little, 98 AD2d 752, 753). The trial was of brief duration. The issues presented to the jury were relatively simple, as were the facts. Moreover, defense counsel thoroughly reviewed the evidence in his summation. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.