■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT MATHEWS, Also Known as ALBERT MATTHEWS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered June 5, 1989, convicting him of robbery in the first degree, robbery in the second degree (two counts), and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that, given the inconsistencies in the testimony of the prosecution witnesses and the reasonableness of his testimony and that of his codefendant, his conviction of robbery in the first degree and robbery in the second degree is against the weight of the credible evidence. We disagree. Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and

should not be disturbed unless clearly unsupported by the record (see, *People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's contention that reversal of his conviction is required because the trial court failed to impose a sanction for the People's violation of *People v Rosario* (9 NY2d 286) is without merit. At trial, one of the detectives involved in the investigation testified that he submitted to a police administrative aide to be typed a handwritten version of the so-called "61" report of his initial encounter with the complainants, but that neither the typed version nor his handwritten version was returned to him. The defendant voiced no objection at this point, nor did he make any requests of the trial court. Thereafter, at the precharge conference, the defendant's attorney indicated that she was going to prepare over the ensuing weekend an adverse inference charge based on the detective's testimony. On the following Monday counsel indicated, in response to the court's inquiry, that she had looked the charge up and it was not really what she wanted. No further requests were made. In light of the foregoing, the defendant cannot now claim that he is entitled to a new trial based upon the trial court's failure to impose any sanctions (see, *People v Rashid,* 164 AD2d 951; see also, *People v Best,* 145 AD2d 499).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Thompson, J. P., Brown, Eiber and O'Brien, JJ., concur.