■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLYDE T. BROOKS, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contentions that the convictions of manslaughter in the second degree and criminal possession of a weapon in the second degree were against the weight of the evidence and that his sentence was harsh and excessive. Further, we find no merit to defendant's contention that the statements defendant made to the police should have been suppressed because he was intoxicated at the time he made the statements. " '[P]roof that the accused was intoxicated at the time he confessed his guilt of crime will not, without more, bar the reception of the confession in evidence. But if it is shown that the accused was intoxicated to the degree of mania, or of being unable to understand the meaning of his statements, then the confession is inadmissible' " *(People v Schompert,* 19 NY2d 300, 305, *cert denied* 389 US 874). Because the proof at the suppression hearing failed to show that defendant was intoxicated to the degree of mania or that he was so intoxicated that he was unable to understand the meaning of his statements, we find no occasion to question the court's determination that the statements were voluntarily given.

We have reviewed the contentions of defendant in his supplemental *pro se* brief and we find them lacking in merit or not preserved for review on appeal. One of the prosecution witnesses, a police officer, testified that he took notes concerning his questioning of defendant but he stated that he was unable to find them. After the witness made the statement, defense counsel made no application concerning the missing notes and, thus, he failed to preserve the issue for appellate review. Where *Rosario* material has been lost or destroyed, reversal is not required unless the defendant has been prejudiced by the People's failure to preserve the material *(People v Martinez,* 71 NY2d 937, 940). By failing to apply for any sanction because of the missing notes, defendant deprived the court of the opportunity to explore the issues of prejudice to

defendant and to determine the appropriate sanction, if any, to be applied *(see, People v Martinez, supra,* at 940).

We find, also, that defendant failed to preserve for appellate review the issue of whether the verdict was repugnant. If we were to decide this issue, we would determine that the verdict was not repugnant because the verdict of not guilty of intentional murder did not negate an essential element of the offense of criminal possession of a weapon in the second degree. (Appeal from Judgment of Supreme Court, Erie County, Marshall, J.—Manslaughter, 2nd Degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.