■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS BACCHUS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered October 9, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of a fair trial by the manner in which the court marshaled the evidence in its charge is not preserved for appellate review since no objection was made to the charge on that ground *(see,* CPL 470.05 [2]; *People v McDonald,* 144 AD2d 701, 702). In any event, we do not find the court's failure to refer to the testimony brought out on cross-examination by defense counsel deprived the defendant of a fair trial *(see, People v Holton,* 160 AD2d 729, 730; *People v Gray,* 144 AD2d 483, 484; *People v Little,* 98 AD2d 752, 753, *affd* 62 NY2d 1020). The trial was short, the issues were simple, there were few witnesses and the defendant's position was made clear to the jury in the

defense counsel's summation. Furthermore, the court advised the jurors that it had no opinion as to the resolution of the issues of fact in the case and that their recollection of the evidence controlled *(see, People v Holton, supra,* at 730; *People v Gray, supra,* at 484; *People v McDonald, supra,* at 702).

The defendant's sentence was neither unduly harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review *(see, People v Richardson,* 172 AD2d 438; *People v Rodriguez,* 168 AD2d 210). Sullivan, J. P., Balletta, Eiber and O'Brien, JJ., concur.