■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG WEST, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (King, J.), rendered October 13, 1987, convicting him of murder in the second degree and robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by him to law enforcement officials and identification testimony.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that the prosecution violated the *Rosario* rule because an investigating detective destroyed his handwritten notes, which recorded two spontaneous statements made by the defendant during the booking process. However, the defendant waived appellate review of this claim by pleading guilty in the midst of trial *(see, People v Cusani,* 153 AD2d 574). In any event, by failing to raise a *Rosario* objection or to request any type of a remedy, the defendant deprived the County Court of "the opportunity to explore the issue of prejudice to defendant and to determine the appropriate sanction, if any, to be applied" *(People v Brooks,* 174 AD2d 1050, 1050-1051). Accordingly, the defendant's *Rosario* claim is unpreserved for appellate review *(see, People v Edwards,* 179 AD2d 511; *People v Hilliard,* 173 AD2d 559; *People v Mathews,* 173 AD2d 565).

We also find that the court properly denied the defendant's motion to suppress the identification testimony of the witness Cummings. Cummings initially failed to identify the defendant from a photographic array. Two months later, Cummings viewed a lineup and made a positive identification of the defendant. In the absence of any indication that either the photographic array or the lineup was suggestive, the defendant's contention that Cummings' lineup identification was somehow tainted, solely because he previously viewed a photographic array, is without merit.

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Harwood, J. P., Lawrence, Eiber and Balletta, JJ., concur.