■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW NAPOLETANO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered June 7, 1990, convicting him of robbery in the first degree (two counts), under Indictment No. 1931/89, upon a jury verdict, and imposing sentence, and from an amended judgment of the same court, also rendered June 7, 1990, revoking a sentence of probation under Indictment No. 155/86 previously imposed by the same court upon a finding that he had violated a condition thereof, upon his plea of guilty, and imposing a sentence of imprisonment, upon his prior conviction of criminal possession of a weapon in the third degree.

Ordered that the judgment and amended judgment are affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was sufficient to establish the defendant's guilt beyond a reasonable doubt. Two witnesses, one from each incident, unequivocally identified the defendant at a lineup. All three eyewitnesses gave similar descriptions of the perpetrator. The record establishes that in each incident the defendant pointed a gun at the complainants, who were in both cases owners of women's clothing stores, ordered them to open the cash register, and stole the cash from inside. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be

accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that the court marshaled the evidence in an uneven manner is without merit. The court's failure to refer to every one of the defendant's contentions did not constitute reversible error *(see, People v Saunders,* 64 NY2d 665, 667; *People v Culhane,* 45 NY2d 757, *cert denied* 439 US 1047; *People v Gray,* 144 AD2d 483). The trial was of brief duration, and the issues and facts presented to the jury were relatively simple. In addition to the defense counsel's thorough review of the evidence and his explanation of the defense in his summation, the court adequately alerted the jury to the theory of the defense. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.