■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID NAVARRO, Appellant. [603 NYS2d 512] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered April 12, 1991, convicting him of murder in the second degree (two counts) and conspiracy in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that the trial court committed reversible error by not, *sua sponte,* imposing a sanction on the prosecution due to the destruction of certain preliminary notes prepared by a testifying detective during the interrogation of the defendant. We disagree. There is no reason to believe that the defendant was prejudiced by the destruction of the notes, which were transcribed into the detective's final log, which was given to the defense. The defense had a full opportunity to cross-examine the detective regarding the destruction of the notes, and did not request that any sanction be imposed. Additionally, there was no evidence that the notes were destroyed in bad faith or for the purpose of denying the defense an opportunity to see them. Under these circumstances, we find that the court did not improvidently exercise its discretion in not, *sua sponte,* imposing a sanction *(see, People v Holmes,* 188 AD2d 618; *People v*

*Mathews,* 173 AD2d 565, 566; *People v Springer,* 153 AD2d 959, 960).

The photographs of the decedent were properly admitted into evidence on the issue of intent *(see, People v Pobliner,* 32 NY2d 356, 369-370, *cert denied* 416 US 905).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Miller, Lawrence and Copertino, JJ., concur.