■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUSAN FILARDI, Appellant. [610 NYS2d 62] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered April 27, 1993, convicting her of grand larceny in the second degree and offering a false instrument for filing in the first degree (10 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

At trial, the People presented evidence that the defendant, a billing clerk for a nursing service provider, billed the New York State Medicaid system for more than $600,000 for services that were never rendered. In its charge, the court did not marshal the evidence but read the list of witnesses and exhibits and told the jury to rely upon its own recollection of the testimony. On appeal, the defendant claims that the court's failure to marshal the evidence violated CPL 300.10 (2). Having failed to object to this portion of the charge, the defendant failed to preserve her present claim for appellate review *(see,* CPL 470.05 [2]). In any event, a court is required to summarize the evidence only to the extent necessary to explain the application of the law to the facts *(see,* CPL 300.10 [2]; *People v Saunders,* 64 NY2d 665). Since the trial here was not unduly long and did not involve complex factual and legal issues, the court did not err in failing to marshal the evidence *(see, People v Napoletano,* 185 AD2d 252; *People v Bacchus,* 183 AD2d 720).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Balletta, J. P., Rosenblatt, Copertino and Altman, JJ., concur.