■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MATTHEWS, Appellant. [620 NYS2d 271] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered July 1, 1992, convicting him of grand larceny in the third degree and unauthorized use of a motor vehicle in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court did not improvidently exercise its discretion in granting the People's motion, prior to trial, to amend the indictment *(see,* CPL 200.70; *see, People v Hood,* 194 AD2d 556). The defendant was charged with various crimes stemming from the theft of a 1986 Ford van, yet the indictment mistakenly alleged the vehicle to be a 1989 Ford van *(see, People v Goodman,* 156 AD2d 713). The amendment to correct this inaccuracy did not alter the theory of the People's case *(see, People v Johnson,*

163 AD2d 613), nor are we persuaded that the defendant suffered any legitimate prejudice as a result *(see, People v Hartman,* 123 AD2d 883).

Likewise, the court correctly charged the jury with respect to the permissive inference of guilt that may be drawn against an accused found to be in recent and exclusive possession of stolen property *(see, People v Galbo,* 218 NY 283; *People v Cole,* 185 AD2d 893). The court also properly denied the defendant's request for a missing witness charge since his request was untimely *(see, People v Gonzalez,* 68 NY2d 424; *People v Woodford,* 200 AD2d 644; *People v Catoe,* 181 AD2d 905; *People v Randall,* 177 AD2d 661), and the People demonstrated that the uncalled witness was not under their control *(see, People v Foust,* 192 AD2d 718; *People v Goddard,* 150 AD2d 794).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.