■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK HARRIS, Appellant. [627 NYS2d 406] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Demakos, J.), rendered August 19, 1993, convicting him of attempted murder in the second degree (two counts), assault in the first degree (two counts), reckless endangerment in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree under Indictment No. 5237/92, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, also rendered August 19, 1993, convicting him of attempted murder in the second degree, robbery in the first degree, robbery in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree under Indictment No. 5382/92, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

On appeal, the defendant contends that the People failed to

prove his guilt beyond a reasonable doubt because the testimony of the eyewitness was incredible as a matter of law. However, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The eyewitness unequivocally maintained throughout her testimony that she had observed the defendant and his codefendant shoot the victims. While there were some inconsistencies in her testimony, those inconsistencies "related primarily to tangential matters and did not render her testimony incredible as a matter of law" *(see, People v Lawrence,* 179 AD2d 682, 683; *also see, People v Braithwaite,* 188 AD2d 388; *People v Castro,* 174 AD2d 378; *People v Maisonet,* 172 AD2d 274).

Moreover, the evidence that the eyewitness was a former drug addict, that she had a criminal record, and that she did not identify the defendant and his codefendant as the shooters until a day or two after the shooting, was before the jury for its consideration and did not render her testimony incredible as a matter of law *(see, People v Walker,* 185 AD2d 867; *People v Jenkins,* 174 AD2d 379; *People v Henry,* 151 AD2d 501; *People v Sutton,* 108 AD2d 942).

It is well settled that resolutions of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless it is clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the trial court properly denied his request for a missing-witness charge since the People demonstrated that the uncalled witness was not under their control *(see, People v Matthews,* 210 AD2d 352; *People v Miles,* 161 AD2d 805; *People v Sykes,* 151 AD2d 523).

The defendant's contention that he was deprived of a fair trial by the manner in which the trial court marshaled the evidence in its charge is unpreserved for appellate review *(see, People v Bacchus,* 183 AD2d 720). In any event, the court's failure to refer to testimony brought out on cross-examination did not deprive the defendant of a fair trial *(see, People v Bacchus, supra; People v Holton,* 160 AD2d 729).

We have considered the defendant's remaining contention and find it to be without merit. Balletta, J. P., Copertino and Altman, JJ., concur.

Goldstein, J., dissents, and votes to reverse the judgments, on the law and as a matter of discretion in the interest of justice, to order a new trial on Indictment No. 5237/92, and to remit Indictment No. 5382/92 to the Supreme Court, Queens County, for further proceedings, for reasons stated in the dissenting memorandum in *People v Walker* (215 AD2d 607 [decided herewith]; *see also, People v Clark,* 45 NY2d 432).