■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY SMITH, Appellant. [635 NYS2d 538] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered December 23, 1993, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, who saw and heard the witnesses *(see, People v Giamari,* 176 NY 84, 94; *People v Scott,* 168 AD2d 523). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

The defendant's claim that he was denied effective assistance of counsel is unavailing. Based on the record before us, the defendant was afforded meaningful representation under the totality of the circumstances then existing *(see, People v Flores,* 84 NY2d 184, 187).

The defendant's contention that he was deprived of a fair trial by the court's marshalling of the evidence is unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, this claim is without merit *(see, People v Saunders,* 64 NY2d 665, 667; *People v Quinones,* 184 AD2d 535, 536). Here, the court's instructions, read as a whole, were proper and made clear to the jury that the court "had no opinion as to the resolution of the issues of fact in the case and that their recollection of the evidence controlled" *(People v Bacchus,* 183 AD2d 720, 721). Also unpreserved for appellate review is the defendant's challenge to the court's restrictions on cross-examination of the

prosecution witnesses. In any event, the claim lacks merit. The court properly exercised its discretion in limiting cross-examination " 'based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant' " *(People v Ashner,* 190 AD2d 238, 246, quoting *Delaware v Van Arsdall,* 475 US 673, 679).

The defendant's sentence was not excessive *(People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]), and, in any event, are without merit. Balletta, J. P., Thompson, Joy and Goldstein, JJ., concur.