THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FITZROY McNEIL, Appellant. [645 NYS2d 37]

The defendant's contention that the evidence was insufficient to prove beyond a reasonable doubt that he shared his codefendant's intent to commit a fatal shooting is unpreserved for appellate review (see, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Where a defendant's guilt is based on a theory of accessorial liability, the People must prove beyond a reasonable doubt that he or she acted with the mental culpability of his or her codefendant and that he or she solicited, requested, commanded, importuned, or intentionally aided the other to engage in the criminal conduct (see, Penal Law § 20.00; People v Rossey, 222 AD2d 710; People v Bennett, 160 AD2d 949, 951). Here, the jury could have concluded from the testimony of the deceased's cousin about his conversations with the defendant and the codefendant both before and after the shooting, that they had gone into the building with the shared intent to locate the deceased and kill him in retaliation for some wrong allegedly committed by him against them. Accordingly, under the circumstances, the evidence was sufficient to establish a com-

munity of purpose as well as the defendant's full knowledge of the codefendant's intent *(see, People v Cabey,* 85 NY2d 417, 421).

The defendant's contention that the court failed to timely and meaningfully respond to the jury's note that they were deadlocked is unpreserved for appellate review. In any event, the contention is without merit. It is clear from the record that the note was sent after the jurors had been brought back into the courtroom for a readback of certain testimony, at which time the court advised them that it would soon break for lunch and that the jurors could do the same if their lunch order had arrived, unless they wished to continue working. Although the jurors reached a verdict shortly thereafter, just as the court was about to deliver an *Allen* charge *(see, Allen v United States,* 164 US 492), the court did offer the jurors the opportunity to receive further instruction regarding their deadlock note. Accordingly, the record does not support the defendant's claims that the court's response was not adequate under the circumstances *(see, People v Malloy,* 55 NY2d 296, 302, *cert denied* 459 US 847; *People v Steinberg,* 79 NY2d 673, 684; *People v Almodovar,* 62 NY2d 126, 131-132).

The court providently exercised its discretion in admitting photographs of the deceased and of the crime scene, since the photographs were probative of intent, an element of the offense charged *(see, People v Stevens,* 76 NY2d 833, 836; *People v Pobliner,* 32 NY2d 356, 369-370, *cert denied* 416 US 905; *People v Navarro,* 198 AD2d 239, 240).

The defendant's contentions that he was deprived of a fair trial by the court's restrictions on cross-examination of the prosecution witnesses and its marshalling of the evidence are unpreserved for appellate review *(see,* CPL 470.05 [2]), and in any event are without merit *(see, People v Smith,* 222 AD2d 535; *People v Ashner,* 190 AD2d 238, 246; *People v Bacchus,* 183 AD2d 720, 721). Bracken, J. P., O'Brien, Joy and Goldstein, JJ., concur.