■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN H. DICKMAN, Appellant. [650 NYS2d 761] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered January 9, 1995, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of grand larceny in the third degree for the theft of several insurance checks issued to physicians at Mt. Sinai Hospital. At trial, the prosecution presented evidence that the defendant forged indorsements on the back of the checks, deposited these checks into his account at a Suffolk County bank, and subsequently withdrew the funds.

On appeal, the defendant contends that the People failed to satisfy their burden of proving, by a preponderance of the evidence, that Suffolk County was the proper venue for prosecution of this case. However, since the defendant failed to raise this claim in moving for a trial order of dismissal, it is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19; *People v Udzinski,* 146 AD2d 245). In any event, the prosecution presented sufficient evidence from which the jury could have determined, in accordance with the court's charge, that venue in Suffolk County was proper because the defendant deposited two of the subject checks, totalling nearly $7,000, at a Suffolk County branch of his bank, and later withdrew these funds by means of checks drawn on his Suffolk County account *(see,* Penal Law § 155.05; CPL 20.40; *see also, People v Blaich,* 201 AD2d 661; *Matter of Silvestro v Kavanagh,* 98 AD2d 833, 834).

We further reject the defendant's contention that reversal is required because the court failed to marshal the evidence in support of his "mistake of fact" defense. The defendant's position that he mistakenly believed that he was authorized to cash the subject checks was made abundantly clear to the jury through cross-examination of the prosecution's witnesses, and the defense summation. Thus, the failure to marshal the evidence in this regard did not deprive the defendant of a fair trial *(see, People v Little,* 98 AD2d 752, 753, *affd* 62 NY2d 1020; *People v Bacchus,* 183 AD2d 720; *People v Holton,* 160 AD2d 729).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Joy, Krausman and Luciano, JJ., concur.