■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK HARRIS, Appellant. [665 NYS2d 924] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated May 15, 1995 (*People v Harris*, 215 AD2d 586), affirming two judgments of the Supreme Court, Queens County, both rendered August 19, 1993.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes*, 463 US 745). Mangano, P. J., Copertino, Altman and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO HERNANDEZ, Appellant. [665 NYS2d 925] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 29, 1995 (*People v Hernandez*, 222 AD2d 696), affirming a judgment of the Supreme Court, Richmond County, rendered September 7, 1993.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes*, 463 US 745). O'Brien, J. P., Pizzuto, Santucci and Joy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HILL, Appellant. [665 NYS2d 925] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered October 22, 1993, convicting him of attempted murder in the first degree, aggravated assault upon a police officer, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Under the circumstances of this case, we conclude that the Supreme Court's adverse inference charge was an appropriate *Rosario* sanction (*see, People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866). Rosenblatt, J. P., Ritter, McGinity and Luciano, JJ., concur.