■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL McCRIGHT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered November 16, 1983, convicting him of two counts of operating a motor vehicle while under the influence of alcohol, upon a jury verdict, and imposing sentence.

Judgment affirmed and the case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5).

The trial court properly denied defense counsel's requests for certain charges to be given to the jury. Even when the evidence at trial is viewed in a light most favorable to defendant, it is clear that the arresting police officer did not order or direct him to move his vehicle himself. Nor could defendant have reasonably believed he had been so instructed since the testimony of both police officers present at the scene established that defendant was specifically told not to move the car himself. Indicative of the fact that defendant understood this statement, the evidence showed that he did not approach the vehicle until the officers had departed. "[W]hen no reasonable view of the evidence would support a finding of the tendered defense, the court is under no obligation to submit the question to the jury" (*People v Watts,* 57 NY2d 299, 301).

The court was not obliged to charge that the police had authority or power pursuant to the Vehicle and Traffic Law to remove the vehicle themselves, since this collateral issue had no direct bearing upon defendant's guilt or innocence of the crime of which he was accused.

We also find that the court marshaled the evidence so as to sufficiently explain to the jury the application of the relevant law to the facts (CPL 300.10, subd 2). We note that defense counsel did not timely object to this portion of the court's charge and therefore has not preserved any alleged error of law for appellate review (CPL 470.05, subd 2; *People v Contes,* 60 NY2d 620, 621; *People v Thomas,* 50 NY2d 467, 471; *People v Gonzalez,* 97 AD2d 423). The alleged error does not warrant reversal in the interest of justice. The court's failure to refer to the testimony of defendant's sole witness did not deprive defendant of a fair trial (*People v Culhane,* 45 NY2d 757, cert den 439 US 1047; *People v Herbert,* 100 AD2d 883). The trial itself was of brief duration. There were few witnesses. The applicable law was relatively simple. Furthermore, defense counsel's summation capsulized defendant's position. In any event, defendant's witness testified only to events which occurred subsequent to defendant's arrest and thus had no bearing on the question of his guilt or innocence.

The court's charge more than adequately explained the People's burden of proof and the presumption of innocence accorded to defendant.

Finally, there is no merit to defendant's contention that he was improperly convicted and sentenced as a felon in connection with the instant offense. The Vehicle and Traffic Law, as amended, provides, in part, that "[a] person who operates a vehicle in violation of * * * this section after having been convicted of a violation of * * * this section * * * within the preceding ten years, shall be guilty of a felony" (Vehicle and Traffic Law, § 1192, subd 5). The term "conviction" means, *inter alia,* the entry of a plea of guilty to an accusatory instrument other than a felony complaint, or to one or more counts of such instrument (CPL 1.20, subd 13; see *Matter of Gunning v Codd,* 49 NY2d 495). In the case at bar, defendant admitted that he pleaded guilty on March 2, 1983 to a charge of operating a motor vehicle while under the influence of alcohol. He did not attempt to challenge the validity of the plea in that case. The mere fact that judgment had not yet been entered upon this plea at the time defendant was being sentenced for the conviction at bar did not affect his status as a felon under section 1192 of the Vehicle and Traffic Law (*Matter of Gunning v Codd, supra*). Gibbons, J. P., O'Connor, Niehoff and Lawrence, JJ., concur.