572 A.2d 865

**Michael J. CASEY, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 27, 1989.

Decided April 6, 1990.

Jonathan Krinick, Sagot & Jennings, Philadelphia, for appellant.

Christopher J. Clements, Asst. Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for appellee.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

## OPINION

CRUMLISH, Jr., President Judge.

Michael Casey appeals a Delaware County Common Pleas Court order dismissing his appeal of a one-year license suspension. Section 6146 of the Pennsylvania Vehicle Code (Code).[1] We affirm.

Casey was stopped and arrested for driving under the influence of alcohol in Wilmington, Delaware. Although the record contains conflicting evidence, Casey maintains his charges were disposed of via Delaware's D.U.I. First Offender Program.[2] He contends this disposition constitutes a complete discharge.

After receiving an official notice of Casey's Delaware revocation, the Pennsylvania Department of Transportation (Department) notified him that his operating privileges would be suspended in Pennsylvania pursuant to 75 Pa.C.S. § 6146, which authorizes the Department Secretary to "enter into agreements ... to suspend or revoke the operating privilege of Pennsylvania licensed drivers *who are convicted* in another state of any offense essentially similar to those [relating to serious traffic offenses]...." (Emphasis added.)

Following an appeal *de novo*, the Delaware County Common Pleas Court dismissed Casey's appeal and reinstated the Department's suspension.

Casey maintains that his Delaware disposition was not the equivalent of a conviction and therefore his license suspension under this section was in error. We disagree.

■ In a license suspension appeal, the only issues for this Court's review are whether the licensee was in fact convicted and whether the Department acted in accordance

1. 75 Pa.C.S. § 6146.

2. 21 Del.C. § 4177B. The First Offender Program is a Delaware program analogous to Pennsylvania's Accelerated Rehabilitative Disposition Program (A.R.D.) program, the purpose of which is to dispose promptly of charges without trial for past offenders who lend themselves to rehabilitation and are thereby offered the possibility of a clean record on successful program completion. *See* Committee Introduction to Pa.R.Crim.P. 175–185.

with applicable law. *Radice v. Department of Transportation, Bureau of Traffic Safety,* 118 Pa.Commonwealth Ct. 627, 545 A.2d 1005 (1988).

At Casey's court hearing, the Department introduced the Official Notice of Revocation received from Delaware authorities, which indicated that Casey's driver's license was revoked due to a *conviction* under 21 Del.C. § 4177A(d), driving under the influence of alcohol. Casey, on the other hand, introduced into the record the certified court Sentencing Order showing that he elected to enter Delaware's probationary First Offender Program, which provides for disposition without the entry of a judgment of guilt.[3] Casey argues that without a judgment, there is no conviction for purposes of a Section 6146 interstate agreement.

██ The court did not decide the question of whether election of Delaware's First Offender disposition constitutes a conviction for purposes of Section 6146. Rather, it found as a fact, on the basis of the official notice submitted by the Department, that Casey *had* been convicted of D.U.I. The court's opinion provides explanation of how it resolved the conflict in documentary evidence. However, even if Casey had *not* been convicted, we hold that the Department properly suspended his license.

The sentencing order Casey introduced into the record below contains his signature over which is, *inter alia,* the following pertinent statement: "I understand that my election into the First Offender's Program constitutes an admission of guilt in connection with the charge in question. For this reason, I have been advised of my rights which I give up by entering a plea of guilty...."

Section 6501(a) of the Vehicle Code, 75 Pa.C.S. § 6501(a),[4] provides:

3. We note that, in this Commonwealth, disposition of charges by participation in the Commonwealth's A.R.D. program is deemed a conviction for purposes of habitual offender status. Section 1542(c) of the Code, 75 Pa.C.S. § 1542(c); *Department of Transportation, Bureau of Traffic Safety v. McDevitt,* 57 Pa.Commonwealth Ct. 589, 427 A.2d 280 (1981), *aff'd,* 500 Pa. 532, 458 A.2d 939 (1983).

4. Both parties failed to cite this critical statutory provision.

### § 6501. Definition of conviction

(a) **General rule.**—For the purposes of this title a conviction includes a plea of guilty....

Thus, even if Casey elected Delaware's probationary program and was not in fact formally convicted of the D.U.I. charges, his election was an admission and guilty plea, tantamount to conviction for purposes of this license suspension proceeding.

Affirmed.

## ORDER

The order of the Delaware County Common Pleas Court, No. 88–16937 dated March 13, 1989, is affirmed.