Robert V. **LAUGHLIN**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 31, 1998.

Decided Oct. 23, 1998.

Timothy P. Wile, Asst. Counsel In-Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

R. Thomas Forr, Jr., Altoona, for appellee.

Before MCGINLEY and PELLEGRINI, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals an order of the Court of Common Pleas of Blair County sustaining Robert Laughlin's statutory appeal from a one-year suspension of his operating privilege.

On January 11, 1997, Laughlin, who holds a Pennsylvania driver's license, was charged in Maryland with, *inter alia*, driving under the influence of alcohol (DUI). Laughlin, who is in the navy, pleaded guilty to this charge, with the understanding that, if he completed a navy drug and alcohol program, with no other charges or convictions, the district court would amend his sentence and grant him "probation before judgment." *See* Md. Ann.Code art. 27, § 641. After Laughlin pleaded guilty on March 14, 1997, the state of Maryland forwarded notice of his conviction to the Department, in compliance with the Driver's License Compact of ·1961 (Compact). *See* Section 1581 of the Vehicle Code, 75 Pa.C.S. § 1581. The Department then sent Laughlin notice of a one-year suspension of his driver's license, due to his conviction of an offense equivalent to driving under the influence in Pennsylvania.[1] Laughlin appealed to the common pleas court, which, after a *de novo* hearing held on October 2, 1997, deferred its decision and gave Laughlin the opportunity to submit notice to it of his decertification of conviction in Maryland. After the common pleas court received notice that Laughlin's record had been expunged, it sustained his appeal.

In reaching this conclusion, the common pleas court said in pertinent part:

Our reading of the statute of our sister state lead [sic] to the conclusion that no record of conviction exists in Maryland. It appears that Maryland's administrative (not judicial) notice to Pennsylvania to the effect that Defendant had been convicted in Maryland of the crime of drunken driving was erroneously provided. For that reason if [sic] further appears that Penndot was not justified in its assertion that the suspension of operating privileges of the Appellant is founded upon the existence of the record of a conviction in Maryland.

(*Commonwealth of Pennsylvania v. Laughlin*, No. 97 GN 2928, filed April 3, 1998, p. 4). The court explained that its December 23, 1997 order sustaining Laughlin's appeal "gives full faith and credit to the action taken by a court of competent jurisdiction in another State and is founded upon a common sense interpretation of the laws of both this

---

1. Section 1532(b)(3) of the Vehicle Code, 75 Pa. C.S. § 1532(b)(3) provides that the Department shall suspend the operating privilege of any driver for one year upon receipt of a certified record of the driver's conviction of violating Section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731 (relating to driving under the influence of alcohol or controlled substance).

Commonwealth and the State of Maryland." (*Id.*)

■ The Department now raises one issue for our review. That is, whether the probation before judgment disposition of Laughlin's DUI charge pursuant to Maryland law, which disposition requires a finding of guilty, constitutes a "conviction" for purposes of Article IV of the Compact.[2]

The Department contends that, pursuant to Article IV of the Compact, it was required to suspend Laughlin's license for one year due to his Maryland DUI conviction once it received a certified record of that conviction. The Department points out that, in order to participate in Maryland's probation before judgment program, Laughlin had to either plead guilty, nolo contendere, or be found guilty of an offense, in this case DUI. The Department cites *Casey v. Department of Transportation*, 132 Pa.Cmwlth. 332, 572 A.2d 865 (1990) to support its position that, even assuming the expungement of Laughlin's record in conjunction with his successful completion of the probation before judgment program, the Department properly suspended his license because Section 6501 of the Vehicle Code, 75 Pa.C.S. § 6501 provides that "[f]or the purposes of this title a conviction includes a plea of guilty, a plea of nolo contendere, a finding of guilty by a court...."

In *Casey*, a licensee appealed the one-year suspension of his operating privilege for driving under the influence in Delaware to the common pleas court, which dismissed his appeal. We affirmed, even though Casey argued (on an unclear record) that the charges against him were dismissed pursuant to Delaware's First Offender Program, which provides for disposition without entry of a judgment of guilt. In affirming, we explained that, regardless of whether Casey was formally convicted, the Department properly suspended his license, since documentary evidence showed he had pled guilty, and Section 6501 of the Vehicle Code sets forth that a conviction includes a guilty plea. We ex-

plained: "Thus, even if Casey elected Delaware's probationary program and was not in fact formally convicted of the D.U.I. charges, his election was an admission and guilty plea, tantamount to conviction for purposes of this license suspension proceeding." *Casey*, 572 A.2d at 866–867.

■ Despite the Department's urging to the contrary, we do not find *Casey* apposite. First, *Casey* was decided before enactment of the Compact in this Commonwealth in 1996. Second, Md. Ann.Code art. 27, § 641, under which Laughlin's record of conviction was expunged, provides in part:

(c) Fulfillment of terms of probation.— Upon fulfillment of the terms and conditions of probation, the court shall discharge the person from probation. The discharge is final disposition of the matter. *Discharge of a person under this section shall be without judgment of conviction and is not a conviction for purposes of any disqualification or disability imposed by law because of conviction of crime.*

(Emphasis added). This statutory section clearly provides that Laughlin's discharge from probation is without judgment of conviction and does not amount to a conviction that would support "any disqualification" imposed by law due to such conviction of a crime. Therefore, giving full faith and credit to Maryland's law, as did the common pleas court, we hold that the Department's suspension of Laughlin's driver's license was, in these circumstances, an impermissible disqualification from his motor vehicle operating privileges, since his discharge in Maryland cannot be a conviction for such purposes.

Although, at page 11 of its brief, the Department argues that, as the licensing state, Pennsylvania "is not required to give the same collateral effects to a certain disposition of a DUI charge as does the state of conviction[,]" we believe that to do otherwise in this instance would work an injustice. Laughlin had every reason to believe that the Mary-

2. In driver's license suspension and revocation proceedings, our scope of review is limited to determining whether the trial court's findings are supported by substantial evidence and whether it committed an error of law or abused its

discretion. *Department of Transportation, Bureau of Driver Licensing v. Moss*, 146 Pa.Cmwlth. 330, 605 A.2d 1279 (1992), *petition for allowance of appeal denied*, 532 Pa. 648, 614 A.2d 1144 (1992).

land statute would protect him from further penalties, civil or criminal, if he pled guilty and successfully completed the navy drug and alcohol program in conjunction with Maryland's probation before judgment program. While the Department refers us to Illinois case law in which the licensing state acted contrary to the dictates of the state of conviction, we are neither persuaded nor bound to do so here.

The order of the common pleas court is affirmed.

### ORDER

AND NOW, this 23rd day of October, 1998, the order of the Court of Common Pleas of Blair County, No. 97 GN 2928, dated December 23, 1997, is hereby affirmed.