**Michael Brian LUETH, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Bureau of Driver Licensing.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 5, 1999.

Decided Oct. 17, 2001.

Douglas G. Kunkle, Allentown, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before DOYLE, President Judge, PELLEGRINI, Judge, and McCLOSKEY, Senior Judge.

DOYLE, President Judge. [1]

Michael Brian Lueth (Appellant) appeals a Lehigh County Court of Common Pleas order that dismissed his statutory appeal from the one-year suspension of his motor vehicle operating privilege imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department), pursuant to Section 1532(b)(3) of the Vehicle Code, 75 Pa.C.S. § 1532(b)(3).[2] Because our decision in *Laughlin v. Department of Transportation, Bureau of Driver Licensing*, 719 A.2d 850 (Pa.Cmwlth.1998), *petition for allowance of appeal denied*, 559 Pa. 670, 739 A.2d 168 (1999), is controlling in this matter, we reverse.

Appellant was arrested on March 20, 1997, and charged with driving while intoxicated (DWI) in violation of Md.Code, Transp. § 21–902(a).[3] Following a trial in the District Court of Maryland for Carroll County, Appellant was convicted on June 18, 1997, of that offense. Thereafter, Appellant filed an application with the Maryland Court to be admitted into Maryland's "probation prior to judgement" program under the provisions of Md.Code, Crimes and Punishments, Article 27, § 641(a)(1)(i)(1). That section of Maryland law permits the court to place a person who "pleads guilty or *nolo contendere* or is found guilty of an offense" on probation, and to "stay the entering of judgment." *Id.* If the individual successfully completes the probation period, the court discharges the person from probation. Md.Code, Crimes and Punishments, Article 27, § 641(c). The statute further provides that discharge of the individual, upon successful completion of the probation period, is "without judgment of conviction and is not a conviction for purposes of any disqualification or disability imposed by law because of conviction of crime." *Id.* The defendant in a matter of this type must consent to the entry of the stay and, by so doing, "waives the right to appeal from the judgment of guilt by the court at any time." Md.Code, Crimes and Punishments, Article 27, § 641(a)(1)(iv)(5). Finally, the statute provides that if the term of probation is violated, "the court may enter judgment and proceed with disposition of the person as if the person had not

---

1. This case was reassigned to the author on July 22, 1999.

2. Section 1532(b)(3) of the Vehicle Code, 75 Pa.C.S. § 1532(b)(3) provides that the Department must suspend the operating privilege of any licensee for one year when it is in receipt of a certified record of that licensee's conviction for violating Section 3731 of the Vehicle

Code, 75 Pa.C.S. § 3731 (relating to driving under the influence of alcohol or a controlled substance).

3. That section states: "(a) Driving while intoxicated or intoxicated per se.—A person may not drive or attempt to drive any vehicle while intoxicated." Md.Code, Transp. § 21–902(a).

been placed on probation." Md.Code, Crimes and Punishments, Article 27, § 641(b). On February 3, 1998, the Maryland Court placed Appellant in the "program" and on probation for a period of twenty-four months.

Maryland is a party state to the Driver License Compact of 1961 (Compact),[4] and reported a DWI conviction for Appellant to the Department. The Commonwealth, also a party state, suspended Appellant's operating privilege for one year pursuant to Sections 1532(b)(3) and 1581 of the Vehicle Code, 75 Pa.C.S. § 1532(b)(3)[5] and 75 Pa.C.S. § 1581. Thereafter, the Department notified Appellant that his license was suspended for one year pursuant to the Compact, because it was treating his Maryland DWI notification as a conviction for violating Section 3731(a) of the Code, 75 Pa.C.S. § 3731(a).

■ On August 8, 1997, Appellant filed an appeal of the Department's one-year operating privilege suspension with the Lehigh County Court of Common Pleas. A *de novo* hearing was held on the matter on February 11, 1998. At the hearing, Appellant conceded that he was found guilty of the Maryland DWI charge, but asserted that because he had been admitted into the probation prior to judgment program, the disposition of his case did not constitute a conviction under the Compact. The trial court was unconvinced and on July 15, 1998, entered an order and opinion dismissing the appeal. This appeal ensued.[6]

Appellant contends that the trial court erred when it dismissed his appeal. Specifically, he argues that because judgment was not entered on the Maryland court's finding that he was guilty of DWI, he should not be considered "convicted" of the Maryland DWI charge for purposes of the Compact. He asserts that the Maryland program is akin to Pennsylvania's Accelerated Rehabilitative Disposition (ARD) program for first time DUI offenders under 75 Pa.C.S. § 3731, and that he should not be considered "convicted" because under Maryland law he has an opportunity to gain a discharge if he successfully completes his twenty-four month probationary sentence. We agree.

Section 1581 of the Vehicle Code, 75 Pa.C.S. § 1581, is the legislative enactment of the Compact into which the Commonwealth entered, with other jurisdictions, on December 10, 1996. Article III of the Compact (Reports of Conviction) states in part that "[t]he licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee." Therefore, the Department counters, because Maryland reported the offense as a conviction, under the Compact and Pennsylvania law, it is, and must be

---

**4.** Maryland joined the Compact by enactment of Md.Code, Transp. Article 16, §§ 16–701 through 16–708.

**5.** Again, this section states in relevant part:

The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance) ... or substantially similar offenses reported to the department under

Article III of section 1581 (relating to Driver's License Compact)....

75 Pa.C.S. § 1532(b)(3).

**6.** Our review of a trial court's determination in a license suspension appeal is limited to a determination of whether the requisite findings of fact are supported by record evidence and whether the trial court committed legal error or abused its discretion. *Commonwealth v. Danforth*, 530 Pa. 327, 608 A.2d 1044 (1992).

treated as, a conviction by the Pennsylvania licensing authority. We disagree.

In *Laughlin*, the licensee was charged and convicted, *inter alia*, of driving under the influence of alcohol. He pled guilty to this charge with the understanding that if he completed a drug and alcohol program, with no other charges or convictions, the district court would amend his sentence and grant him probation prior to judgment. *Laughlin*, 719 A.2d at 851. After he pled guilty, Maryland discharged its responsibilities under the Compact and forwarded notice of his conviction to the Department. The Department then notified Laughlin that it had suspended his driver's license for one year. The trial court concluded that Maryland had provided administrative, not judicial, notice; deferred its decision; and thereby afforded Laughlin the opportunity to submit notice of his decertification of the Maryland conviction. On appeal to this Court, we affirmed and held that a Pennsylvania licensee's plea of guilty in Maryland to a charge of driving under the influence of alcohol could not form the basis of the Department's license suspension, when the law of Maryland authorizes discharge of the conviction upon successful completion of a probationary anti-drug and alcohol program. Responding directly to Md. Code, Article 27, § 641, which is specifically at issue here, we said:

> Therefore, giving full faith and credit to Maryland's law, as did the common pleas court, we hold that the Department's suspension of Laughlin's driver's license was, in these circumstances, an impermissible disqualification from his motor vehicle operating privileges, since his discharge in Maryland cannot be a conviction for such purposes.

*Laughlin*, 719 A.2d at 852. We further note that, as in *Laughlin*, both licensees were convicted of driving under the influ-

ence. Both were enrolled in the probation prior to judgment program pursuant to Md.Code, Article 27, § 641. Notification was made to the Department in both instances prior to entry of judgment. Neither Appellant nor Laughlin completed his probationary period before the appeals in Pennsylvania were filed.

The Department contends that Md. Code, Article 27, § 641, requires both a plea and a judicial finding of guilt to the underlying DUI charge as a condition to a "probation prior to judgment" disposition, and further contends that such disposition, for the purposes of Pennsylvania law, constitutes a "conviction" of the underlying charge and serves as a basis for the license suspension, relying on our decision in *Casey v. Department of Transportation*, 132 Pa.Cmwlth. 332, 572 A.2d 865 (1990). We find this argument unavailing.

■ In *Laughlin*, we discussed this same argument and *Casey*'s relevance to the subject matter and issue before us now. In *Casey*, a licensee appealed the one-year suspension of his operating privilege following a similar incident in Delaware. He argued that the charges against him were dismissed pursuant to Delaware's First Offender Program, which provides for disposition without an entry of judgment. While we noted that the lower court did not decide the question of whether election of Delaware's First Offender disposition constituted a conviction, we went on to conclude that the Department properly suspended his license, as documentary evidence showed that he had pled guilty to the underlying offense. However, in *Laughlin* we distinguished *Casey* primarily because it was decided prior to the enactment of the Compact by this Commonwealth, and impliedly, the terms of the Compact and those of the prior arrangement with Delaware were not identical.

Article II of the Compact defines "conviction" to mean:

[A] conviction of any offense related to the use or operation of a motor vehicle which is prohibited by state law, municipal ordinance or administrative rule or regulation or a forfeiture of bail, bond or other security deposited to secure appearance by a person charged with having committed any such offense and which conviction or forfeiture is required to be reported to the licensing authority.

75 Pa.C.S. § 1581. The Article does not define the point in the judicial process at which a conviction occurs. Article III then goes on to state:

The licensing authority of a party state shall report each **conviction** of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person **convicted,** describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the **conviction** was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

75 Pa.C.S. § 1581 (emphasis added).

In *Laughlin,* we noted the trial court's determination that Maryland authorities had erroneously reported a conviction for Laughlin and its reading of the statute as indicating that "'no record of conviction exists in Maryland.'" *Laughlin,* 719 A.2d at 851 (citing to the Court of Common Pleas opinion, *Commonwealth v. Laughlin,* No. 97 GN2928, filed April 3, 1998, p. 4).

This is further substantiated by Maryland jurisprudence. In *Jones v. Baltimore City Police Dept.,* 326 Md. 480, 606 A.2d 214 (1992), the State's highest court reiterated:

[W]e hold that probation before judgment under § 641 is not a "conviction," and a person who receives probation before judgment is not convicted of the crime for which he has been found guilty, unless the person violates the probation order and a court **enters a judgment** on the finding of guilt.

*Id.* at 216 (emphasis added) (citations omitted). That court has also held that, "a person is not 'convicted' of an offense until the court enters a judgment upon the verdict of guilty." *Id.* (Citation omitted.) No "judgment upon the verdict" existed in the State of Maryland at the time the Department suspended Appellant's license. We concur in the assessment of the *Laughlin* court that notice in this instance was an administrative notice. Therefore, because Appellant does not stand convicted under Maryland law, and because only the reporting of convictions triggers the provisions of the Compact, we conclude that the Department impermissibly suspended Appellant's operating privilege. Moreover, we observe that if Appellant successfully fulfills the terms of his probation, no conviction will ever result from this incident.[7]

Accordingly, based on the foregoing rationale, the order of the Court of Common Pleas of Lehigh County is reversed.

***ORDER***

**NOW,** October 17, 2001, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is hereby

---

7. We have examined closely the recent decision of our Supreme Court in *Department of Transportation v. McCafferty,* 563 Pa. 146, 758 A.2d 1155 (2000), filed on September 28, 2000, and find that the holding therein is inapplicable to the facts and issues presented in this appeal.

reversed and the operating privilege of Michael Brian Lueth is reinstated.

McCLOSKEY Senior Judge, Dissenting .

I respectfully dissent. As noted by the majority, Article III of the Driver's License Compact of 1961 (the Compact) requires the "licensing authority of a party state" to "report each conviction of a person from another state .... to the licensing authority of the home state of the licensee."[1] 75 Pa.C.S. § 1581. Section 6501(a) of our Vehicle Code provides a more specific definition of conviction, stating that the same "includes a plea of guilty, a plea of nolo contendere, a finding of guilty by a court...." 75 Pa.C.S. § 6501(a). In this case, Michael Brian Lueth (Licensee) was charged with driving while intoxicated (DWI) in violation of Maryland law and was subsequently convicted of that offense by the District Court of Maryland for Carroll County. In accordance with the Compact, Maryland reported this conviction to authorities within this Commonwealth. Such conviction is sufficient to warrant a suspension of Licensee's operating privileges within this Commonwealth.

Following his conviction and Maryland's report to Commonwealth authorities, Licensee applied for and was granted admittance into Maryland's "probation before judgment" program. Admittedly, as noted by the majority, authorities in Maryland do not recognize such admittance as a "conviction" and we must give full faith and credit to Maryland law. *See Jones v. Baltimore City Police Dept.*, 326 Md. 480, 606 A.2d 214 (1992); Full Faith and Credit Clause of the United States Constitution, U.S. Const., art. IV, § 1. Nevertheless, I do not believe that this Commonwealth should be bound by the subsequent manner in which Maryland chooses to treat a person found guilty of DWI.[2] As we previously noted in *Bourdeev v. Department of Transportation, Bureau of Driver Licensing,* 755 A.2d 59 (Pa.Cmwlth.2000), the Full Faith and Credit Clause:

> [D]oes not require a State to subordinate its public policy with respect to persons and their actions within its borders to the laws of any other State, where the enforcement of the right conferred elsewhere would be obnoxious to the public policy of the forum.

*Bourdeev,* 755 A.2d at 62 (citing *Rigney v. Edgar,* 135 Ill.App.3d 893, 90 Ill.Dec. 548, 482 N.E.2d 367, 372 (1985)).

Moreover, I note that Maryland's "probation before judgment" program is significantly different from the Accelerated Rehabilitative Disposition (ARD) program in this Commonwealth. Under Maryland's program, the party can apply for the same following a finding of guilt. *See* Md.Code, Crimes and Punishment, Article 27,

---

1. Article II of the Compact defines "conviction" as "[a] conviction of any offense related to the use or operation of a motor vehicle."

2. Further, I believe that the majority's reliance on *Laughlin v. Department of Transportation, Bureau of Driver Licensing,* 719 A.2d 850 (Pa.Cmwlth.1998) is misplaced, as *Laughlin* is distinguishable from this case. In *Laughlin,* the lower court deferred its decision to allow Laughlin to complete a Navy drug and alcohol program, after which authorities in Maryland agreed to amend his sentence and grant him "probation before judgment." Laughlin completed the program and his record was expunged in Maryland. The lower court was notified of this expungement and subsequently entered an order sustaining his appeal. We thereafter affirmed the decision of the lower court. In this case, as of the date of Licensee's appeal to this Court, Licensee had not yet completed the terms of his "probation before judgment" program. Hence, the authorities in Maryland could not, and have not, notified the authorities in this Commonwealth that Licensee's record has been expunged.

§ 641(a)(1)(i)(1). However, under our ARD program, a party applies for the same prior to trial or any finding of guilt. *See* Pa. R.Crim. P. 176–181; *Commonwealth v. Brown*, 449 Pa.Super. 346, 673 A.2d 975 (1996), *petition for allowance of appeal denied*, 545 Pa. 675, 682 A.2d 306 (1996) (ARD is a pretrial type disposition without verdict); *Commonwealth v. Becker*, 366 Pa.Super. 54, 530 A.2d 888 (1987), *petition for allowance of appeal denied*, 520 Pa. 586, 551 A.2d 213 (1988) (ARD offers the accused a unique opportunity to earn dismissal of charges). Once a party is found guilty in this Commonwealth, he or she is not eligible for ARD; whereas, the Maryland statute essentially provides for an expungement of a finding of guilt.

For the reasons stated above, I would affirm the order of the trial court.