**Kim M. GUZAN, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 25, 2003.

Decided May 30, 2003.

Dennis Luttenauer, Kane, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellee.

BEFORE: COLINS, President Judge, FRIEDMAN, Judge and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Kim M. Guzan (Licensee) appeals from the August 30, 2002, order of the Court of Common Pleas of McKean County (trial court), which dismissed Licensee's challenge to the suspension of her driver's license, imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) pursuant to section 1532(b) of the Vehicle Code.[1] We reverse.

---

1. Section 1532(b)(3) of the Vehicle Code states that DOT shall suspend the operating privilege of any driver for twelve months upon receiving a certified record showing the driver's conviction for driving under the influence of alcohol (DUI), or substantially similar offenses, reported to DOT under the Driver's License Compact. 75 Pa.C.S. § 1532(b)(3).

On June 16, 2001, Licensee was charged in the state of New York with driving while ability impaired (DWAI). At the time, Licensee held a Pennsylvania driver's license, but she had recently moved from Pennsylvania to the state of New York. Licensee entered a guilty plea to the DWAI charge on July 17, 2001. On August 7, 2001, Licensee obtained a New York driver's license and, in doing so, turned in her Pennsylvania driver's license. On November 19, 2001, Licensee was sentenced on the DWAI charge.

Subsequently, DOT notified Licensee that her driving privilege was suspended for one year as a result of her July 17, 2001, conviction in New York. Licensee filed an appeal with the trial court, which held a *de novo* hearing on the matter.

At the hearing, Licensee testified that she pleaded guilty to DWAI on July 17, 2001. (R.R. at 17a.) Licensee also presented the following documents: (1) the "Certificate of Conviction" stating that Licensee was convicted of DWAI and that "judgment was entered the 19th day of November, 2001," (R.R. at 33a); (2) the "Abstract of Driving Record" from the New York Department of Motor Vehicles stating that Licensee was "convicted" on July 17, 2001, (R.R. at 34a); and (3) the traffic citation stating that the matter was "adjudicated" on July 17, 2001, and that Licensee was sentenced on November 19, 2001, (R.R. at 32a).

Licensee argued that DOT erred in imposing the suspension because Licensee was not "convicted" for the purposes of Article IV of the Driver's License Compact (Compact), 75 Pa.C.S. § 1581, until judg-

ment was entered on November 19, 2001, and she did not hold a Pennsylvania driver license at that time.[2] The trial court rejected this argument, holding that DOT properly suspended Licensee's driving license because Licensee was "convicted" on July 17, 2001, and because Licensee held a Pennsylvania driver license at that time. Licensee now appeals to this court.[3]

Licensee argues that, for the purposes of Article IV of the Compact, she was not "convicted" until judgment was entered on November 19, 2001. We agree.

In *Lueth v. Department of Transportation*, 785 A.2d 133, 134 (Pa.Cmwlth.2001), this court considered whether a "probation prior to judgment" disposition in Maryland, which stays the entering of judgment following a guilty plea, constitutes a "conviction" for the purposes of Article IV of the Compact. This court held that, because judgment was not entered, the licensee is not considered "convicted" for the purposes of Article IV of the Compact. *Id.*

Here, the evidence shows clearly that judgment was entered in New York on November 19, 2001. Thus, for the purposes of Article IV of the Compact, Licensee was not "convicted" of DWAI until November 19, 2001. Because Licensee did not hold a Pennsylvania driver's license on November 19, 2001, DOT lacked authority to impose a suspension on Licensee based on her DWAI conviction. *Berner v. Department of Transportation, Bureau of Driver Licensing*, 746 A.2d 1207 (Pa.Cmwlth.2000).

Accordingly, we reverse.

---

**2.** Under *Berner v. Department of Transportation, Bureau of Driver Licensing*, 746 A.2d 1207 (Pa.Cmwlth.2000), if a licensee does not hold a Pennsylvania driver license at the time of an out-of-state "conviction," DOT lacks authority to suspend the licensee's driver license.

**3.** Our scope of review is limited to determining whether necessary findings of fact made by the trial court are supported by competent evidence, or whether the trial court committed an error of law or abused its discretion in reaching its decision. *Gies v. Commonwealth*, 770 A.2d 799 (Pa.Cmwlth.2001).

## ORDER

AND NOW, this 30th day of May, 2003, the order of the Court of Common Pleas of McKean County, dated August 30, 2002, is hereby reversed.