870 A.2d 810

**Kim M. GUZAN, Appellee,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 15, 2004.

Decided March 29, 2005.

Timothy Peter Wile, Esq., Harrisburg, for Department of Transportation.

Kim Guzan, for Kim M. Guzan.

BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## *OPINION*

Justice BAER.

In this appeal, we consider whether the entry of judgment of sentence in New York State following the entry of a guilty plea is required for Pennsylvania to consider a licensee "convicted" for purposes of the Driver's License Compact (Compact), 75 Pa.C.S. §§ 1581–1586.[1] Because the Commonwealth Court held, under the specific facts of this case, that entry of judgment of sentence was required without consideration of how New York law defines a conviction, we now reverse.

The facts underlying this case are not in dispute. While residing in Bradford, Pennsylvania, Kim M. Guzan (Driver) was issued a driver's license by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDOT). Thereafter, on June 16, 2001, she was charged in Chautauqua County, New York, with Driving While Ability Impaired (DWAI) in violation of N.Y. CLS Veh. & Traf. Law § 1192(1).[2] At that time, she was in the process

---

[1] The Compact is an interstate agreement, adopted by statute, designed to coordinate law enforcement efforts against intoxicated drivers and other serious traffic offenders, and to increase uniformity among member states in exchanging information on convictions, records, licenses, and other pertinent data. *Siekierda v. Department of Transportation, Bureau of Driver Licensing*, 860 A.2d 76, 78 (2004).

[2] New York State's Vehicle and Traffic Law, Title VII, Rules of the Road, Article 31 § 1192 sets forth various degrees of driving under the influence of impairing substances and provides, in relevant part, as follows:

§ 1192. Operating a motor vehicle while under the influence of alcohol or drugs

of moving to New York State, but had not yet surrendered her Pennsylvania driver's license nor obtained a license in New York. Approximately one month later, on July 17, 2001, Driver appeared in Chautauqua County, New York, and entered a guilty plea to the DWAI charge. She was not sentenced at the time. Three weeks later, on August 7, 2001, Driver surrendered her Pennsylvania driver's license to the New York State Department of Motor Vehicles, and was issued a New York driver's license. Driver was subsequently sentenced in New York on the DWAI charge on November 19, 2001.[3]

Thereafter, on December 3, 2001, New York, which is a party state to the Compact, *see* N.Y. CLS Veh. & Tr. § 516, notified PennDOT of Driver's New York conviction, pursuant to Article III of the Compact, which provides:

> [T]he licensing authority of a party state shall report each conviction [for an offense related to the use or operation of a motor vehicle] of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee.

75 Pa.C.S. § 1581, Article III.

PennDOT, in turn, notified Driver on January 16, 2002, that her driving privilege was being suspended for one year because of her New York conviction. PennDOT based the suspension specifically on Article IV(a)(2) of the Compact, which provides as follows:

> [T]he licensing authority in the home state, for the purposes of suspension, revocation, or limitation of the license to operate a motor vehicle, shall give the same effect to the

1. Driving while ability impaired. No person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol.
N.Y. CLS Veh. & Tr. § 1192(1).

**3.** The reproduced record reflects that, at the sentencing hearing, the New York court fined Driver $500, imposed a New York State mandatory surcharge of $35.00, required completion of the "DWI Impact Panel," and suspended Driver's recently obtained New York State driver's license for 90 days. The record does not define a "DWI Impact Panel"; however, it is not relevant to our disposition.

conduct reported, pursuant to Article III, as it would if such conduct had occurred in the home state.

75 Pa.C.S. § 1581, Article IV(a)(2).[4]

Driver filed a statutory appeal of the suspension to the Court of Common Pleas of McKean County, Pennsylvania, which conducted a hearing *de novo* on the matter. At the hearing, PennDOT presented one document in support of its case, which it described as the "certification under seal." This document included a "certification" that the records presented were true and correct copies, a copy of the notification sent to Driver by PennDOT indicating that as a result of her July 17, 2001 conviction in New York, her Pennsylvania license was being suspended for a period of one year, and a copy of the notice received by PennDOT from the State of New York indicating that Driver was convicted there of DWAI on July 17, 2001.

Driver presented three documents in support of her appeal. The first document was a "simplified traffic citation," indicating that the New York court adjudicated the matter on July 17, 2001, and sentenced Driver on November 19, 2001. The second document was titled, "Abstract of Driving Record," signed by New York's Commissioner of Motor Vehicles, which set forth that Driver was "convicted" on July 17, 2001, the date she tendered her guilty plea. The final document was a "Certificate of Conviction," signed by a Chautauqua, New York judge, stating that Driver was convicted by the court of DWAI and that judgment was entered on November 19, 2001, the date she was sentenced.

Driver conceded that she pled guilty to DWAI in New York State on July 17, 2001. However, she contended that after

---

4. In *Wroblewski v. Department of Transportation, Bureau of Driver Licensing*, 570 Pa. 249, 809 A.2d 247 (2002), this Court held that the New York State offense of DWAI, N.Y. CLS Veh. & Traf. Law § 1192(1), is substantially similar to 75 Pa.C.S. § 3731, relating to driving under the influence of alcohol, for purposes of the Compact. Accordingly, PennDOT notified Driver that her license would be suspended for a period of one year pursuant to 75 Pa.C.S. § 1532(b)(3) ("[t]he department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731").

her guilty plea on July 17, 2001, and before her judgment of sentence was entered on November 19, 2001, in New York, she surrendered her Pennsylvania driver's license and obtained a newly issued New York driver's license on August 7, 2001. Based on the foregoing, Driver claimed that she was not a licensed Pennsylvania driver at the time of her "conviction" in New York, and, therefore, not subject to a suspension by PennDOT under the Compact. Specifically, Driver argued that despite having entered a plea of guilty to DWAI on July 17, 2001 while she was licensed in Pennsylvania, her "conviction" did not occur until judgment of sentence was imposed on November 19, 2001, at which time she had already surrendered her Pennsylvania license.

The trial court rejected Driver's argument. Noting that a plea of guilty operates as a conviction while sentencing involves the imposition of punishment for the conviction, the court found that the New York Abstract of Driving Record submitted by Driver, which indicated that she was "convicted" on July 17, 2001, was clear evidence that it was on such date that Driver was convicted for purposes of the Compact, and therefore, subject to suspension by PennDOT.

Driver appealed this decision to the Commonwealth Court, which reversed in a published decision. *See Guzan v. Commonwealth, Department of Transportation, Bureau of Driver Licensing,* 824 A.2d 1239 (Pa.Cmwlth.2003). It held that Petitioner was not convicted for purposes of the Compact prior to the entry of judgment of sentence. Thus, the court held that because judgment of sentence had not been entered in New York while Driver was still licensed in Pennsylvania, and because Driver was licensed in New York at the time of sentencing, PennDOT lacked the authority to impose a suspension pursuant to the Compact. The court specifically relied upon its prior decision in *Lueth v. Department of Transportation,* 785 A.2d 133 (Pa.Cmwlth.2001), wherein it held that a "probation prior to judgment" disposition pursuant to Maryland law, which stays the entry of judgment of sentence following a guilty plea and eventually permits an individual to be discharged from probation, did not constitute a

conviction for purposes of the Compact. Because it held there that the licensee's plea of guilty was not a conviction without the further entry of judgment of sentence, it likewise held that in this case Driver's entry of a guilty plea was insufficient to constitute a conviction for purposes of the Compact.

PennDOT sought allocatur from this Court, and we granted review limited to a determination of whether entry of judgment, i.e. sentencing, in a sister state, following a licensee's plea of guilty, is required for Pennsylvania to deem the licensee "convicted" for purposes of the Compact.

PennDOT makes several arguments in support of its position that under the facts of this case the entry of judgment of sentence in New York was not required in order to conclude that Driver was convicted for purposes of the Compact. Initially, PennDOT argues that the definitional language contained in the Compact itself regarding what constitutes a conviction relies upon the substantive laws of each party state to determine when, in fact, a conviction occurs for purposes of a convicting state's obligation to report the subject conduct to the licensing, or, home state. Thus, in this regard, PennDOT asserts that the law of New York, the convicting state, must be examined to determine whether the entry of judgment of sentence was required following Driver's adjudication of guilt in order for a valid conviction to have occurred. Finally, in this regard, PennDOT asserts that an examination of New York law, in fact, indicates that a person is considered convicted of an offense upon the entry of a guilty plea. We agree.[5,6]

**5.** We note that Appellee's counsel withdrew his appearance after the Commonwealth's Petition for Allowance of Appeal was granted, but before this case was submitted, and Appellee has not responded to the Commonwealth's brief. Thus, we are without benefit of a brief setting forth Appellee's position.

**6.** As a corollary to its argument in chief, PennDOT notes that, pursuant to the Compact, once it receives a reported conviction from a convicting party state, it is obligated to give the same effect to the conduct reported as it would had the conduct occurred here. In this regard, PennDOT asserts that at such juncture when the convicting party state reports a licensee's conviction, a presumption arises that a valid conviction pursuant to the laws of the reporting party state has occurred and that it may rely on such a report in applying the applicable laws of Pennsylvania to the reported conduct.

■    We begin by examining the pertinent language of the Compact itself, specifically, Article II, which defines the term "conviction" as follows:

> (c) "Conviction" means a conviction of any offense related to the use or operation of a motor vehicle which is prohibited by state law, municipal ordinance or administrative rule or regulation or a forfeiture of bail, bond or other security deposited to secure appearance by a person charged with having committed any such offense and which conviction or forfeiture is required to be reported to the licensing authority.

75 Pa.C.S. § 1581.

Obviously, this definitional section is largely unhelpful to our query. It says, in substance, that a conviction is a conviction. However, as PennDOT notes, the language does clearly leave to the laws of the various party states to the Compact the task of determining whether a conviction of any offense of that state's laws has occurred. Here, the law relevant to a determination of when Driver was convicted of an offense in New York State is clearly the law of New York.

■    The law of New York specifically defines a conviction as follows: "[c]onviction means the entry of a *plea of guilty* to, or a verdict of guilty upon, an accusatory instrument...." N.Y.C.P.L. § 1.20(13) (emphasis added). *See also People v. Hardin,* 67 A.D.2d 12, 16, 414 N.Y.S.2d 320, 322 (1979) (noting that a plea of guilty is a conviction). Further, the law provides that " 'sentence' means the imposition and entry of sentence upon a conviction." N.Y.C.P.L § 1.20(14). Finally, pursuant to New York law, a " 'judgment' is comprised of a

---

Further, in addition to its main assertion, as to the Commonwealth Court's conclusion that its prior decision in *Lueth* requires the result reached by it, PennDOT argues that *Lueth* is wholly distinguishable from this matter because the conclusion reached by the court in *Lueth* was entirely dependent upon how the law of *Maryland* defined when a conviction occurred, whereas here New York law applies. Again, PennDOT points out that the law of New York defines a conviction to include a plea of guilty and that, therefore, the Commonwealth Court reached an incorrect result through misapplication of *Lueth.*

Both of these matters will be discussed *infra.*

conviction and the sentence imposed thereon and is completed by imposition and entry of the sentence." N.Y.C.P.L. § 1.20(15).

Thus, it is clear that under pertinent New York law, as is relevant here, an individual is considered "convicted" of an offense at the time he or she enters a plea of guilty. *See People v. McCright* 107 A.D.2d 766, 484 N.Y.S.2d 604 (1985) (holding that a defendant was properly convicted and sentenced as felon since person convicted of two drunk driving offenses within 10 year period is guilty of felony and, even though judgment on first offense had not yet been entered, defendant entered a plea of guilty in the matter).[7] In the matter *sub judice*, as Driver entered a plea of guilty in New York to the charge of DWAI on July 17, 2001, it was at this point in time that she was "convicted" of said offense.

As noted previously, once Driver was considered convicted by New York's licensing authorities, as a party state to the compact, New York was then obligated to report Driver's conviction to Pennsylvania, her licensing, or, home state, at the time of the conviction. *See* 75 Pa.C.S. § 1581, Article III (the licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee). New York authorities properly did so on December 3, 2001, when they mailed to PennDOT notice of Driver's conviction in New York, reflecting a conviction date of July 17, 2001. Reproduced Record at 37a.[8]

---

7. For purposes of the Vehicle Code, Pennsylvania, likewise, defines "conviction" to include a plea of guilty. *See* 75 Pa.C.S. § 6501(a).

8. We note that here there was no challenge by Driver regarding the information reported by New York to PennDOT such as we have faced previously in the context of Compact cases. *See, e.g., Commonwealth, Department of Transportation, v. McCafferty*, 563 Pa. 146, 758 A.2d 1155 (2000) (rejecting, *inter alia*, licensee's argument that his license could not be suspended pursuant to the Compact because the information contained in the report from the convicting state failed to comply strictly with the requirements of Article III); *Harrington v. Department of Transportation, Bureau of Driver Licensing*, 563 Pa. 565, 763 A.2d 386 (2000) (same); and *Siekierda*, 860 A.2d 76 (rejecting licensee's contention that his license could not be suspended pursuant to the Compact because it was not clear that the licensing authority of the convicting

■ Once PennDOT received notice of Driver's conviction from New York, as noted previously, pursuant to Article VI of the Compact, it was obligated to treat the reported conduct, i.e., DWAI, for purposes of suspension, as if it occurred in Pennsylvania. PennDOT properly notes that it could presume the reported conviction from New York was accurate pursuant to the well established evidentiary presumption regarding the regularity of the acts of public officials, and, accordingly, act upon the report by proceeding to notify Driver of the suspension of her operating privilege. *See Albert v. Lehigh Valley Coal & Navigation Co.*, 431 Pa. 600, 246 A.2d 840, 845 n. 5 (1968) ("There is a *prima facia* presumption of the regularity of the acts of public officials which exists until the contrary appear"); *see also Kennedy v. Upper Milford Township Zoning Hearing Board*, 575 Pa. 105, 834 A.2d 1104 (2003) (same).[9]

Based on the foregoing, we conclude that PennDOT properly suspended Driver's license pursuant to the Compact as she

state sent the court abstract notifying PennDOT of the licensee's conviction as required by Article III).

9. Recently, in *Siekierda*, 860 A.2d at 82, this Court noted PennDOT's proper reliance upon such a presumption where, in that case, a licensee was challenging PennDOT's authority to suspend his operating privilege in reliance upon a document forwarded by Indiana State authorities because it was not clear that the Indiana proof of conviction forwarded was done so by Indiana's licensing authority. In rejecting the licensee's contention in this regard, and in discussing PennDOT's duties upon receipt of a reported conviction, we noted that "[t]here is nothing in Article IV which obligates PennDOT to reject, or precludes it from relying upon, a sister state's report of conviction because of a perceived defect in proof of the origin of the reporting state's certification. Consistently with the purpose of the Compact, PennDOT should be deemed free to proceed with a substantive analysis of the matter." *Id.* at 87.

As further noted by our Court in *Siekierda,* and as applicable under the factual circumstances of this case:

[t]his is not to say that PennDOT's reciprocal suspension determinations under Article IV are unreviewable or that the documentary evidence upon which PennDOT relies when acting pursuant to Article IV is not subject to substantive challenge. Challenges may always be raised as to the accuracy or reliability of a particular court abstract or other report of conviction. The driver facing suspension, having been the subject of the out of state conviction, is in a solid position to recognize and litigate any actual substantive deficiency.

*Id.*

was convicted of DWAI in New York on July 17, 2001, the date she entered her guilty plea. Having so concluded, we must still address PennDOT's final assertion that the Commonwealth Court erroneously relied upon its prior decision in *Lueth* in reaching a contrary result. We agree and find the Commonwealth Court's reliance on its holding in Lueth as controlling under the facts of the case *sub judice* to be misplaced.

In *Lueth,* a Pennsylvania licensee was charged with driving in Maryland while intoxicated. Following trial, licensee Lueth was convicted, but then applied for and was accepted into Maryland's "probation prior to judgment" program, under the provisions of Md.Code, Crimes and Punishments, Article 27, § 641(a)(1)(i)(1), which authorizes a stay from the entry of judgment to permit the offender to be placed on probation. If the offender successfully completes the probationary period, the case is discharged without a conviction being recorded.[10]

Despite the fact that the Maryland driver had been admitted into this program, Maryland authorities, as a party state to the Compact, reported the "conviction" to PennDOT, as the licensing authority of licensee Lueth's home state, which, in turn, suspended his driver's license.[11]

Licensee Lueth filed a statutory appeal to Lehigh County Common Pleas Court, which conducted a hearing *de novo,* and

**10.** Article 27, Section 641(c), in this regard, specifically provides:

(c) Fulfillment of terms of probation.—Upon fulfillment of the terms of probation, the court shall discharge the person from probation. The discharge is a final disposition of the matter. ***Discharge of a person under this section shall be without judgment of conviction and is not a conviction for purposes of any disqualification or disability imposed by law because of conviction of crime.*** Former Md.Code, Article 27, 641(c) (emphasis added).

**11.** The *Lueth* court further supported its holding by referring to *Jones v. Baltimore City Police Department,* 326 Md. 480, 606 A.2d 214 (1992). In *Jones,* the Court of Appeals of Maryland, the highest court in our sister state, held that "probation before judgment under § 641 [the applicable section of Maryland's vehicle code] is not a 'conviction' for purposes of the Compact, and a person who receives probation before judgment is not convicted of the crime for which he has been found guilty, unless the person violates the probation order and a court ***enters a judgment*** on the finding of guilt." *Id.* at 216 (emphasis added).

afforded him no relief. He then appealed to the Common-wealth Court, which reversed, concluding that probation after a finding of guilt is not a "conviction" under Maryland law. In reaching this decision, the Commonwealth Court relied upon its prior decision in *Laughlin v. Commonwealth, Department of Transportation, Bureau of Driver Licensing*, 719 A.2d 850 (Pa.Cmwlth.1998), *appeal denied*, 559 Pa. 670, 739 A.2d 168 (1999). Like *Lueth*, *Laughlin* also involved a Pennsylvania licensee and a Maryland violation.

In *Laughlin*, the licensee pled guilty to DUI in Maryland with the understanding that if he successfully completed a drug and alcohol program, he would be granted "probation before judgment." Maryland then notified PennDOT of Laughlin's "conviction," upon which PennDOT notified the licensee that it was suspending his license pursuant to the Compact. Laughlin appealed and the trial court sustained his appeal upon notice that the record of the conviction against Laughlin had been expunged. In affirming the Order of the trial court in *Laughlin*, the Commonwealth Court relied on the language of the Maryland Code, pursuant to which the conviction was expunged. *See* footnote 9, *supra*.

The Commonwealth Court held that because a discharge from probation in Maryland operates as a release from the conviction and because a conviction so released cannot be used to impose a legal disqualification or disability on the person discharged from probation, PennDOT had to give full faith and credit to Maryland law expunging the conviction.

The Commonwealth Court's reliance on *Lueth* and *Laughlin* here is misplaced, however, because Driver's offense occurred in New York State. As concluded previously, because we look to the law of the sister state where the offense occurred to determine whether a conviction for purposes of the Compact has transpired, and because New York law treats the entry of a plea of guilty as a conviction, there is no question that Driver was convicted of DWAI on July 17, 2001, the date she entered such plea. We do not read *Laughlin* and *Lueth* to require entry of judgment on a conviction in all cases. Instead, in those cases, the court recognized that where the

disposition of guilt may ultimately be expunged as a function of Maryland's law, Pennsylvania may not impose a suspension sanction pursuant to the Compact. Here, Driver did not participate in a program such as Maryland's that would ultimately extinguish her conviction for DWAI. Clearly, on July 17, 2001, Driver stood convicted of DWAI in New York State, and under the Compact, PennDOT had the authority to suspend her driver's license.

Based on the foregoing, we hold that the Commonwealth Court erred in finding that entry of judgment of sentence in a sister state is required for Pennsylvania to deem a licensee "convicted" for purposes of the Compact without first examining how that sister state defines a conviction. Further, because New York's definition of conviction does not include judgment of sentence and in fact is tantamount to a plea of guilty, the Commonwealth Court erred in requiring that judgment of sentence be entered for a valid conviction to have occurred. Thus, the decision of the Commonwealth Court is reversed.

Justice NIGRO files a Concurring Opinion.

Justice NIGRO, concurring.

I agree with the majority that Appellee Kim Guzan was convicted of New York's Driving While Ability Impaired offense, N.Y. Veh. & Traf. Law § 1192(1) (the "New York DWAI offense"), for purposes of the Driver's License Compact, 75 Pa.C.S. §§ 1581–86 (the "Compact"), on the day she pled guilty to the New York DWAI offense. I write separately merely to note that I continue to believe that the Pennsylvania Department of Transportation ("PennDOT") does not have the authority to suspend a person's driver's license pursuant to the Compact based on the driver's violation of the New York DWAI offense because that offense is not substantially similar to Article IV(a)(2) of the Compact. *See Wroblewski v. Dep't of Transp.*, 570 Pa. 249, 809 A.2d 247, 256 (2002) (Nigro, J., dissenting) (disagreeing with majority that General Assembly's enactment of 75 Pa.C.S. § 1586 alters the Court's

decision in *Petrovick v. Dep't of Transp.*, 559 Pa. 614, 741 A.2d 1264 (1999)); *Petrovick*, 741 A.2d at 1266–67 (holding that PennDOT may not suspend a person's driver's license under the Compact based on violation of the New York DWAI offense because that offense is not substantially similar to Article IV(a)(2) of the Compact). Moreover, based on that position, I would find that PennDOT did not have the power to suspend Appellee's driver's license here. Nevertheless, as a majority of the Court has concluded that PennDOT has such power, *see Wroblewski*, 809 A.2d at 256, I am constrained to agree that PennDOT properly suspended Appellee's license based on the fact that she held a Pennsylvania license on the date she was convicted of the New York DWAI offense.