■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS JUSINO, Also Known as CARLOS JUSTINO, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered April 7, 1987, convicting him of robbery in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of having stabbed the complainant while the defendant and two accomplices, who were not apprehended, took a wallet containing some $50 in cash, a gold chain, a ring, and a sheepskin coat from him.

On appeal, the defendant contends that the submission of a verdict sheet without objection by defense counsel constituted reversible error, that the prosecutor's remarks on summation deprived him of a fair trial, that certain testimony by two prosecution witnesses constituted inadmissible hearsay, and that his counsel's effectiveness was impaired by the prosecutor's failure to timely inform him that the coat recovered from the defendant did not belong to the complainant.

The defendant's claim of error in the submission of a verdict sheet is not preserved for appellate review (CPL 470.05 [2]),

and we decline to reach it in the exercise of our interest of justice jurisdiction *(People v Monroe,* 135 AD2d 741). In any event, we note that defense counsel expressly consented to the submission of the verdict sheet by initialing it at the court's request *(cf., People v Nimmons,* 72 NY2d 830).

Similarly unpreserved for appellate review are the prosecutor's remarks during summation complained of for the first time on appeal (CPL 470.05 [2]). In any event, it is apparent that the prosecutor's comments were not improper, but rather constituted fair comment upon the evidence as well as a fair response to defense counsel's summation *(People v Ashwal,* 39 NY2d 105; *People v Hayes,* 116 AD2d 737).

The defendant's *pro se* contention that the testimony of two civilian witnesses, who had come to the complainant's aid immediately after the crime, to the effect that the complainant told them that he had just been stabbed and robbed, constitutes inadmissible hearsay is also unpreserved for appellate review (CPL 470.05 [2]). In any event, we note that the complainant's statement, uttered less than a block from and only moments after the commission of the crime, was admissible under the "excited utterance" exception to the hearsay rule *(People v Brown,* 70 NY2d 513).

Finally, to the extent that the defendant complains that his attorney's performance was compromised by his failure to learn until late in the trial that the complainant disclaimed ownership of the coat recovered from the defendant, this matter is dehors the record and cannot be reviewed on appeal *(People v Wilcox,* 147 AD2d 667). Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.