■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BRAITHWAITE, Appellant.—Appeal by the defendant from three judgments of the Supreme Court, Kings County

(Fuchs, J.), all rendered October 3, 1985, convicting him of (1) criminal possession of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the fourth degree, under indictment No. 922/83, upon a jury verdict, and (2) criminal possession of a weapon in the second degree, under indictment No. 3281/83, upon his plea of guilty, and (3) criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree (two counts) under indictment No. 2674/85, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant maintains that the court erred in declining to charge the jury under indictment No. 2674/85 that it could find that he committed criminal possession of a controlled substance in the second degree or criminal possession of a controlled substance in the third degree as lesser included offenses of criminal possession of a controlled substance in the first degree.

We disagree. The court properly refused to charge criminal possession of a controlled substance in the second and third degrees as lesser included offenses of criminal possession of a controlled substance in the first degree. The record indicates that there is no reasonable view of the evidence which would support a finding that the defendant committed either of the two lesser offenses but not the greater one (see, People v Glover, 57 NY2d 61).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of all the charges in indictment No. 2674/85 beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt under that indictment was not against the weight of the evidence (CPL 470.15 [5]).

As to indictment No. 922/83, the defendant's further contention that the submission of a verdict sheet to the jury deprived him of a fair trial is not preserved for appellate review (see, CPL 470.05 [2]; People v Weatherly, 144 AD2d 509). Moreover, reversal in the exercise of our interest of justice jurisdiction is not warranted.

We further find that the sentences imposed on the defendant were not excessive (see, People v Suitte, 90 AD2d 80).

We have reviewed the defendant's remaining contention

and conclude that it is without merit. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.