■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADLEY WILKERSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered May 17, 1988, convicting him of attempted murder in the first degree, assault in the first degree, robbery in the first degree (three counts), assault in the second degree (three counts), and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and sentencing him to an indeterminate term of 18 years' to life imprisonment for attempted murder in the first degree, to run consecutively to an indeterminate term of 7½ to 15 years' imprisonment for assault in the first degree, to run consecutively to an indeterminate term of 5 to 10 years' imprisonment for criminal possession of a weapon in the second degree under the seventeenth count of the indictment, to run concurrently with indeterminate terms of 12½ to 25 years' imprisonment for each conviction of robbery in the first degree, 3½ to 7 years' imprisonment for each conviction of assault in the second degree, and 5 to 10 years' imprisonment for his conviction of criminal possession of a weapon in the second degree under the eighteenth count of the indictment.

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment imposed for the conviction of criminal possession of a weapon in the second degree under the seventeenth count of the indictment shall run concurrently with the terms of imprisonment imposed for the conviction of attempted murder in the first degree; as so modified, the judgment is affirmed.

The defendant's contention that the verdict sheet submitted to the jury was not proper is not preserved for appellate review since he failed to object to its submission (see, CPL 470.05 [2]; *People v Braithwaite*, 154 AD2d 543; *People v Bey-Cruz*, 152 AD2d 756; *People v Jusino*, 152 AD2d 744; *People v Mathis*, 150 AD2d 613; *cf., People v Nimmons*, 72 NY2d 830), and we decline to review it in the exercise of our interest of justice jurisdiction because of the overwhelming evidence of

the defendant's guilt *(cf., People v Carballo,* 158 AD2d 701; *People v Testaverde,* 143 AD2d 208).

We also reject the defendant's arguments that the prosecutor's summation deprived him of a fair trial *(see, People v Galloway,* 54 NY2d 396, 399) and that the trial court erred in marshaling the evidence in its charge *(see, People v Culhane,* 45 NY2d 757, 758, *cert denied* 439 US 1037; *see also, People v Holton,* 160 AD2d 729; *People v Gray,* 144 AD2d 483, 484; *People v McCright,* 107 AD2d 766, 767; *People v Little,* 98 AD2d 752, 753, *affd* 62 NY2d 1020).

We do however agree, and the People concede, that the defendant was improperly sentenced with respect to his conviction for criminal possession of a weapon in the second degree and amend the sentence accordingly *(see,* Penal Law § 70.25 [2]; *People v Ellis,* 139 AD2d 662; *see also, People v Underwood,* 52 NY2d 882; *People v Claudio,* 130 AD2d 759, 760). Thompson, J. P., Kunzeman, Harwood and Miller, JJ., concur.