■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO MASON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fuchs, J.), rendered December 13, 1982, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As the two male complainants were leaving a Brooklyn housing project after a visit, the defendant and four or five other individuals robbed them, at gunpoint, of the gold chains they were wearing. The defendant, the only one of the perpetrators to be apprehended, was ultimately convicted of two counts of robbery in the first degree for his participation in the foregoing crimes.

On appeal, the defendant claims that he was not provided with effective representation by his trial counsel. The defendant also claims for the first time on appeal that he was denied a fair trial by the court's submission to the jury of a written verdict sheet having minimal parenthetical notations distinguishing the crimes of robbery in the first and second degrees. Regarding the claim of effective assistance of counsel, the issue is whether the defendant was afforded meaningful representation at the time and under the circumstances of the representation (People v Baldi, 54 NY2d 137, 146-147). A defense counsel's "mere losing tactics" are not to be equated with ineffective assistance of counsel. Furthermore, so long as a defendant is afforded meaningful representation, the courts may not, aided by the wisdom of hindsight, second-guess matters of defense counsel's trial strategy (see also, People v Satterfield, 66 NY2d 796, 799-800; People v Sullivan, 153 AD2d 223, 227).

The record reveals that the defense counsel demonstrated familiarity with the facts of the case, made appropriate pretrial motions, adequately prepared for trial by developing a specific strategy, and then used his best efforts to succeed with that strategy at trial. Consequently, we find that counsel provided the defendant with meaningful representation and any allegedly losing tactics do not warrant reversal of the defendant's judgment of conviction.

The defendant also contends that the court deprived him of a fair trial by submitting a verdict sheet to the jury which contained parenthetical notations distinguishing robbery in the first and second degrees. After viewing the verdict sheet, defense counsel neither objected to its form nor to its submission to the jury. Consequently, we find that counsel failed to preserve the issue for appellate review *(see, People v Colon,* 166 AD2d 604; *People v Freeman,* 162 AD2d 704; *People v Jusino,* 152 AD2d 744; *People v Lugo,* 150 AD2d 502). Thompson, J. P., Bracken, Rosenblatt and O'Brien, JJ., concur.