*71 OPINION OF THE COURT
Abdus-Salaam, J.
Defendant Trevor Anderson was convicted, upon a jury verdict, of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]). Defendant argues that he was deprived of a fair trial by the prosecutor’s use of PowerPoint slides during summation, and that defense counsel was ineffective for failing to object to the use of the slides. Defense counsel, who objected to one of the PowerPoint slides, was not ineffective for failing to challenge the others, as the vast majority were not objectionable.
I.
According to the People’s proof at trial, on March 14, 2010, on a Brooklyn street, defendant approached Erick Brown-Gordon, who was dating defendant’s ex-girlfriend Diana Perez, and shot him twice in the abdomen. When Brown-Gordon turned around and tried to flee, defendant shot him twice more, in the back. Defense counsel argued at trial that Perez and Brown-Gordon were not credible witnesses and had falsely identified defendant.
The Appellate Division rejected defendant’s challenges to his conviction and affirmed the judgment (130 AD3d 1055 [2d Dept *72 2015]). A Judge of this Court granted defendant leave to appeal (26 NY3d 1142 [2016]). We now affirm.
II.
In People v Ashwal (39 NY2d 105 [1976]), this Court explained that it is “fundamental” that counsel must stay within “the four corners of the evidence” during summation and that the prosecutor “may not refer to matters not in evidence or call upon the jury to draw conclusions which are not fairly inferable from the evidence” (id. at 109 [citations omitted]; see also CJI2d[NY] Pre-Summation Instructions [“(summations provide each lawyer an opportunity to review the evidence and submit for (the jury’s) consideration the facts, inferences, and conclusions that they contend may properly be drawn from the evidence”]). The PowerPoint slides used by the People in this case were consistent with these principles. As we observed in People v Santiago (22 NY3d 740, 751 [2014]), PowerPoint “slides depicting an already admitted photograph, with captions accurately tracking prior . . . testimony, might reasonably be regarded as relevant and fair . . . commentary on the . . . evidence, and not simply an appeal to the jury’s emotions.”
At bottom, a visual demonstration during summation is evaluated in the same manner as an oral statement. If an attorney can point to an exhibit in the courtroom and verbally make an argument, that exhibit and argument may also be displayed to the jury, so long as there is a clear delineation between argument and evidence, either on the face of the visual demonstration, in counsel’s argument, or in the court’s admonitions. We reject defendant’s position that trial exhibits in a PowerPoint presentation may only be displayed to the jury in unaltered, pristine form, and that any written comment or argument superimposed on the slides is improper. Rather, PowerPoint slides may properly be used in summation where, as here, the added captions or markings are consistent with the trial evidence and the fair inferences to be drawn from that evidence. When the superimposed text is clearly not part of the trial exhibits, and thus could not confuse the jury about what is an exhibit and what is argument or commentary, the added text is not objectionable. The slides, in contrast to the exhibits, are not evidence. The court properly instructed the jury that what the lawyers say during summations is not evidence, and that in finding the facts, the jury must consider only the evi *73 dence. In this case, as was appropriate, the jury was told that the physical exhibits admitted into evidence would be made available to them, while the slides were not supplied to the jury during deliberations.
Given the parameters of the permissible use of PowerPoint slides in summation, counsel was not ineffective for failing to object. For example, some of the slides were pictures of exhibits with captions or numbers inserted to highlight the relevant portion of those exhibits. Two slides showed a portion of the victim’s medical records which included a diagram depicting the location of four wounds. One slide showed the enlarged diagram, with superimposed text reading “Two Gun Shot Wounds to front” and “Two Gun Shot Wounds to back.” That text accurately reflected the information in the exhibit. Another slide showed the same diagram, with numerals on each of the respective markings representing the four wounds. Defendant asserts that the People improperly altered the medical records to reflect their theory that the victim was shot four times, where the records purportedly show that he was shot twice. However, the medical records are not clear as to whether Brown-Gordon was shot twice and sustained four wounds (i.e., one entrance and one exit wound per shot), or was shot three or four times. The text inserted by the People referred to wounds, not shots, and the prosecutor argued, consistent with Brown-Gordon’s testimony, that he had been shot four times. These slides, and the oral argument by the prosecutor, were fair comment on the evidence and the reasonable inferences to be drawn from that evidence.
Defendant also argues that his counsel was ineffective for failing to object to slides that showed photographs, received into evidence, of the street on which the shooting had occurred. On two of those slides, the prosecutor had superimposed yellow circles around street lamps which witnesses had testified had sufficiently illuminated the street so that they were able to see defendant. On another slide, there was a superimposed circle around the location where a testifying police officer said he had found three shell casings. These added markings did not misrepresent the evidence.[1]
*74 Additionally, we reject defendant’s argument that defense counsel was ineffective for failing to object to the prosecutor’s use of a slide that showed defendant’s arrest photograph, which had been received in evidence, surrounded by a superimposed circle, with boxes containing text summarizing the People’s theory of the case.[2] Defendant argues that this slide improperly altered the trial evidence and that the text boxes surrounded defendant’s face as if he were a target. In our view, the added text accurately tracked the witnesses’ testimony and the fair inferences to be drawn from the evidence, and the placement of the text boxes around defendant’s face was “not simply an appeal to the jury’s emotions” (Santiago, 22 NY3d at 751).
Nonetheless, even accepting defendant’s position that this slide was objectionable, the display of this slide alone did not deprive defendant of a fair trial. Instead, as in Santiago, “the objection to the PowerPoint presentation that defendant now raises is not so ‘clear-cut’ or ‘dispositive’ an argument that its omission amounted to ineffective assistance of counsel” (22 NY3d at 751).
Finally, to the extent that the court made a Sandoval ruling, defendant’s claim that the ruling was in error is unpreserved (see People v Hawkins, 11 NY3d 484, 494 [2008]).
Accordingly, the order of the Appellate Division should be affirmed.

. The slides that did not display the exhibits but summarized the evidence at trial were not objectionable, as they did not “call upon the jury to draw conclusions which are not fairly inferrable from the evidence” (Ashwal, 39 NY2d at 110).

. The text in the boxes stated “3/14/10 - Armed himself with a loaded and operable illegal .45 cal handgun”; “Made a series of calls to Diana immediately before shooting”; “Lay in wait for Erick Brown-Gordon with .45 cal handgun”; “Fired .45 handgun twice from less than 8 feet away as Erick faced him”; “Fired .45 handgun twice more as Erick ran from deft”; “His bullets hit Erick twice in front and twice in back”; “Defendant grabbed Diana and fled scene”; and “3/24/10 - Erick identified deft as shooter in line-up.”