People v King (2018 NY Slip Op 03148)





People v King


2018 NY Slip Op 03148


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2014-00456
 (Ind. No. 829/09)

[*1]The People of the State of New York, respondent, 
v
Brandon King, appellant.


Paul Skip Laisure, New York, NY (Steven R. Bernhard and Alexis Ascher of counsel), for appellant, and appellant pro se.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, Jonathan V. Brewer, and Antara D. Kanth of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered October 2, 2013, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In the early morning hours of September 13, 2008, in Jamaica, Queens, the defendant and the decedent, both pimps in that neighborhood, had a dispute over a juvenile female, A.R., whom the defendant claimed was his prostitute. The altercation escalated when the decedent punched the defendant in the face, whereupon the defendant shot the decedent multiple times with a semiautomatic pistol and fled the scene in a taxicab. The defendant picked up A.R. and another prostitute, M.C., and had the cab drive them to a hotel in Nassau County. At the hotel later that day, the defendant was arrested by Nassau County police for committing a criminal sex act against A.R., who was 14 years old at the time. The defendant was taken to a police precinct in Nassau County, where he gave the police two statements, reduced to writing by the detectives who interviewed him. In the first statement, the defendant denied having shot the decedent, but in the second statement, the defendant stated that he had shot the decedent after a struggle.
At trial, the People advised that they intended both statements to be read to the jury in their entirety by the Nassau County detective who had elicited and recorded them. Prior to the statements being read to the jury, the defendant moved to redact two comments which appeared in each of the two statements. The first comment was to the effect that the defendant asked M.C. to perform an oral sex act on him, and she did. The second comment was that A.R. then also performed oral sex on him and the defendant didn't stop her because he thought A.R. was 18 years old.
The Supreme Court granted the defendant's request to the extent of redacting the second comment, which pertained to A.R., a minor at the time, since having oral sex with her was a crime. The defendant contends that the court erred in refusing to also redact the first comment, [*2]which pertained to M.C. performing oral sex on him, because that comment was irrelevant to the crime charged, and only served to prejudice him. We disagree. Contrary to the People's contention that this issue was not preserved for appellate review, the "defendant's specific application and the court's equally specific ruling were sufficient to preserve the issue for appeal" (People v Rosen, 81 NY2d 237, 245; see CPL 470.05[2]). However, the court providently exercised its discretion in declining to redact that part of the statement that pertained to M.C., who later testified at trial on behalf of the defendant that she never saw the defendant with a gun. M.C.'s testimony was contradicted by A.R., who testified at trial on behalf of the People's case, inter alia, that before the decedent was shot, she saw the defendant lift up his shirt to reveal a gun in the defendant's waistband, and that the defendant had admitted to A.R. and M.C. that he had shot the decedent. The words at issue here demonstrated to the jury the nature of the relationship between the defendant and M.C., which was relevant to determining the relative credibility of A.R. and M.C., whose testimony conflicted. Since the probative value of the evidence outweighed any prejudice to the defendant, the court properly exercised its discretion in declining to redact it (see People v Thomas, 12 AD3d 383, 384).
The defendant contends in his pro se supplemental brief that his motion for appointment of new counsel should have been granted. He argues that his attorney had a conflict which resulted in the defendant being deprived of the right to testify at a pretrial hearing. This contention is without merit.
"The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (People v Sides, 75 NY2d 822, 824; see People v Washington, 25 NY3d 1091, 1095). Rather, "[w]hether counsel is substituted is within the discretion and responsibility of the trial judge, and a court's duty to consider such a motion is invoked only where a defendant makes a seemingly serious request" (People v Porto, 16 NY3d 93, 99-100 [internal quotation marks and citation omitted]). "When a defendant's request on its face suggests a serious possibility of irreconcilable conflict with defense counsel, the trial court is obliged to make some minimal inquiry to determine whether the request has a genuine basis" (People v Stevenson, 36 AD3d 634, 634; see People v Sides, 75 NY2d at 824). "Although defendants have no choice in selecting their assigned counsel, trial courts should substitute counsel when a defendant can demonstrate good cause'" (People v Linares, 2 NY3d 507, 510, quoting People v Medina, 44 NY2d 199, 207).
Here, the Supreme Court's denial of the defendant's motion to substitute counsel was a provident exercise of discretion. The court satisfied its obligation of making "some minimal inquiry to determine whether the request ha[d] a genuine basis" (People v Stevenson, 36 AD3d at 634) by asking the defendant, after looking over the motion itself, if he had anything to add to the "boilerplate" motion he had submitted. After hearing the defendant's explanation that the issue was about counsel's opposition to the defendant testifying at the pretrial hearing and other "little disagreements" between him and his attorney, the court properly determined that the defendant had failed to establish good cause to substitute counsel.
With regard to the defendant's contention that he was denied his right to testify at the pretrial hearing, the record shows that after hearing the Supreme Court's explanation as to how testifying could expose him to damaging cross-examination, and after further consultation with his attorney, the defendant himself confirmed to the court that he had "thought better of it" and no longer wished to testify at the hearing. There is no evidence in the record that the court, or defense counsel, had compelled the defendant to change his mind.
The defendant's claim of ineffective assistance of counsel "involves matter dehors the record and, thus, is not properly raised on a direct appeal from the judgment" (People v Hernandez, 125 AD3d 885, 887; see People v Miller, 81 AD3d 854, 855; People v Staropoli, 49 AD3d 568, 568-569). The defendant's contention that the People used testimony it knew to be perjured is similarly based on matter dehors the record and cannot be reached on direct appeal.
Lastly, in his summation, the prosecutor properly marshaled the evidence based on [*3]the People's view of the facts (see People v Anderson, 29 NY3d 69, 75; CPL 260.30[9]), and his comments, taking into account the defense summation, "did not exceed the bounds of permissible rhetorical comment" (People v Ayala, 165 AD2d 878, 879; see People v Wilkerson, 162 AD2d 568).
LEVENTHAL, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court